Anderson *v.* Moore. .

R. C. ANDERSON, Surviving Partner, etc., *v.* ALEX. MOORE.

1. PRACTICE. *Magistrates. Judgment. Revival of. Affidavit.* Where the record of a judgment by a deceased Magistrate in his life-time was destroyed, and supplied by affidavit, it is not necessary to the efficacy of its revival upon the docket of another Magistrate, and subsequent proceedings thereon, that it should affirmatively appear that such Magistrate was the successor of the deceased Magistrate, as required by §3070 of the Code, and the presumption, in the absence of proof to the contrary, is that such was the fact, and that the proceedings in the case were regular.

2. SAME. *Same. Appeal. Judgment vacated by. Reinstated. When.* Where an appeal from a Justice was dismissed by the Circuit Court, with costs against the appellant, and the records show that the Justice's judgment was not in fact, or intended to be affected, such action reinstates the judgment vacated by the appeal, and may be proceeded on as effectually as if a *procedendo* had been awarded.

Code cited: §§4138, 3145.

FROM DAVIDSON.

Appeal from the Law Court. J. C. GUILD, Judge.

BAXTER SMITH for MOORE.

N. D. MALONE for Anderson.

DEADERICK, J., delivered the opinion of the Court.

Upon the affidavit of an agent of the firm of R. C. Anderson & Co., made before H. W. Wilkinson, Esq., an acting Justice of the Peace for Davidson County, that in March or April, 1863, a judgment for fifty-three dollars was obtained by plaintiffs against defendant, before one G. M. Southgate, deceased, then an acting Justice of the Peace for said County, which still remains unpaid, and that in October, 1866, the docket of said Southgate, and all the papers in his office were destroyed by fire, the judgment was revived upon the docket of said Wilkinson on 13th May, 1868, from which defendant appealed to the Circuit Court.

This appeal was dismissed upon plaintiff's motion, and a judgment was rendered, dismissing the appeal, and in favor of plaintiffs for costs.

Plaintiffs then instituted a new suit against defendant before a Justice, which was brought to the Circuit Court, and finally to this Court, and was remanded to said Circuit Court, from which it was transferred to the Law Court of Davidson County, in which Court, during the trial, defendant pleaded former judgment before Justice, and plaintiffs took a nonsuit, and then issued execution upon their revived judgment before the magistrate.

The defendant obtained, upon his petition, writs of *certiorari* and *supersedeas*, and the cause was brought

Anderson *v.* Moore.

into the Law Court at Nashville, and verdict and judgment being rendered in favor of defendant, plaintiffs have appealed to this Court.

The foregoing facts appear from the recitals of the petition and the papers and records referred to.

A motion was made to dismiss the petition, which was overruled.

No complaint is made that the judgment as originally rendered was unjust, except inferentially, from a denial of recollection of its rendition, nor is it alleged that it had been paid.

But exceptions are taken to the regularity of the proceedings had to obtain the issuance of the execution by Wilkinson, and it is also insisted that the judgment of the Circuit Court, dismissing defendant's appeal, and adjudging the costs against him, was a final judgment, and conclusive against plaintiffs' right to recover any more than therein adjudged, or to issue any execution upon the Magistrate's judgment, thus the two suits have been used, as occasion required, to defeat a recovery in either.

Upon the first question, as to the regularity of the proceedings to procure issuance of an execution upon the destroyed judgment, it is alleged that it does not appear, as required by §3070*a*, that Wilkinson was the successor of Southgate, and that he had, otherwise, no authority to act. It is true that it does not appear that such relation did or did not exist, and §4138 of the Code provides, that "if the judgment be rendered by one Justice, and execution be issued by

another, and in all other cases where steps appear to have been taken by one Justice, instead of another, the presumption, in the absence of proof to the contrary, is that the execution was issued and steps taken regularly." The presumption is, therefore, that the acts of Wilkinson were regular.

By §3145 of the Code, where the papers are properly returned into Court, and the appeal is, for any cause, dismissed, the appellee is entitled to an affirmance of the judgment below. But as an appeal vacates the judgment appealed from, so the simple dismissal of the appeal reinstates it, and if the Circuit Court fails to render the proper judgment on dismissing the appeal from a Justice, but simply adjudges costs against appellant upon the dismissal of the appeal, and we can see from the record that the judgment before the Justice was not in fact, or intended to be affected. We are of opinion that the plaintiffs may proceed upon such judgment as if a *procedendo* had been awarded. The error is to the prejudice of appellee only, of which appellant cannot complain.

The petition in this case was probably intended to bring up both the judgment and the execution, and the record discloses a state of facts entitling the plaintiff to a judgment against defendant. His motion to dismiss the petition ought to have been allowed, and a judgment rendered in his favor for the amount of the judgment of the Justice, and such judgment will be rendered in this Court as should have been rendered in the Court below.