# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
February 3, 2011 Session

## JAMES CROWLEY ET AL. v. WENDY THOMAS

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 08C-421      Joseph P. Binkley, Jr., Judge**

---

**No. M2009-01336-SC-R11-CV - Filed June 17, 2011**

---

The plaintiff obtained a judgment against the defendant in the general sessions court. The defendant appealed to the circuit court. In the circuit court, the plaintiff amended his complaint to add an additional plaintiff and an additional cause of action and to seek additional damages. Shortly before trial, the defendant filed a notice dismissing her appeal. The circuit court dismissed the appeal and affirmed the judgment of the general sessions court pursuant to Tennessee Code Annotated section 27-5-107 (2000). We hold that the circuit court properly dismissed the defendant's appeal and affirmed the general sessions judgment. To preserve the plaintiff's original cause of action after such dismissal, the plaintiff must perfect an appeal to the circuit court as prescribed by Tennessee Code Annotated section 27-5-108 (2000). We therefore affirm the judgment of the lower courts.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Appeals Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Amy J. Farrar, Donald N. Capparella, Larry R. McElhaney, II, and Penny Pruitt Riddle, Nashville, Tennessee, for the appellants, James Crowley and Joan Crowley.

Scott A. Rhodes, Brentwood, Tennessee, for the appellee, Wendy Thomas.

**OPINION**

## I. Facts and Procedural History

James Crowley and Wendy Thomas were involved in an automobile accident. Mr. Crowley timely filed a civil warrant against Ms. Thomas in the general sessions court seeking compensatory damages in an amount not exceeding the $25,000 jurisdictional limit. Tenn. Code Ann. § 16-15-501(d)(1) (2009). After a trial, the general sessions court awarded Mr. Crowley a judgment against Ms. Thomas in the amount of $14,500. Ms. Thomas perfected an appeal to the circuit court pursuant to Tennessee Code Annotated section 27-5-108 (2000). Mr. Crowley did not appeal the judgment.

In the circuit court, Mr. Crowley filed a "first amended complaint" adding his wife as a plaintiff. A "second amended complaint" filed by the Crowleys asserted an additional claim. Ms. Thomas answered the Crowleys' second amended complaint and moved for a more definite statement of damages. In the Crowleys' "third amended complaint," the Crowleys sought compensatory damages of $125,000. Ms. Thomas answered the third amended complaint. The Crowleys filed a fourth amended complaint seeking compensatory damages of $300,000, and Ms. Thomas promptly filed her answer.

Three days before the date of trial, Ms. Thomas filed a Notice of Dismissal of Appeal and Motion to Affirm General Sessions Judgment. Overruling the Crowleys' objections, the circuit court dismissed Ms. Thomas's appeal and affirmed the $14,500 judgment of the general sessions court pursuant to Tennessee Code Annotated section 27-5-107 (2000).

The Crowleys moved the circuit court to vacate, alter, or amend its dismissal of Ms. Thomas's appeal, which the circuit court denied. The Crowleys appealed, and the Court of Appeals affirmed the judgment of the circuit court. We granted permission to appeal.

## II. Analysis

The issue on appeal is whether the circuit court properly affirmed the judgment of the general sessions court in response to Ms. Thomas's notice of dismissal of her appeal. Appeals from the general sessions court are governed by statute, see Tenn. Code Ann. §§ 27-5-101 to -108 (2000 & Supp. 2010), and by the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 1(2) ("The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court."). The application of a statute or the Tennessee Rules of Civil Procedure to the facts of a case is a question of law, which we review de novo. Larsen-Ball v. Ball, 301 S.W.3d 228, 232 (Tenn. 2010); see Thomas v. Oldfield, 279 S.W.3d 259, 261 (Tenn. 2009).

Section 27-5-107 governs the result of the dismissal of an appeal from the general sessions court. This section states that "if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs."[1] We have held that the circuit court must affirm a judgment of the general sessions court when the defendant dismisses the appeal. See C.B. Donaghy & Co. v. McCorkle, 98 S.W. 1050, 1051 (Tenn. 1907) (citing Shannon's Code § 4876 (later codified as Tenn. Code Ann. § 27-5-107)) (discussing a defendant's dismissal of its appeal from the judgment of a justice of the peace); cf. Gill v. State Farm Ins. Co., 958 S.W.2d 350, 351-52 (Tenn. Ct. App. 1997) (affirming the circuit court's dismissal of the defendant's appeal from the judgment of the general sessions court over the plaintiff's objection).

In contrast, we have held that a plaintiff's dismissal or "nonsuit" of an appeal from a general sessions judgment does not require an affirmance of the judgment. Kirby v. Cramer, 410 S.W.2d 724, 725 (Tenn. 1967) (per curiam). We observed in Kirby that holding otherwise would require us to ignore the "inconclusive dismissal statute," 410 S.W.2d at 725, now codified at Tennessee Code Annotated section 28-1-105 (2000) and known as the "saving statute." McGee v. Jacobs, 236 S.W.3d 162, 165 (Tenn. Ct. App. 2007). The saving statute permits a plaintiff who commenced an action within the applicable statute of limitations to nonsuit the cause of action and refile it in the trial court within one year of the order of dismissal. Frazier v. E. Tenn. Baptist Hosp., 55 S.W.3d 925, 927-28 (Tenn. 2001); Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995).

A defendant appealing a general sessions judgment is in a different posture. Katz v. Bilsky, 759 S.W.2d 420, 422 (Tenn. Ct. App. 1988) (citing Thornhill v. Hargreaves, 107 N.W. 847, 849 (Neb. 1906)). A defendant's appeal to the circuit court is simply a continuation of the defendant's opposition to the plaintiff's civil warrant initiated in the general sessions court. The circuit court's application of section 27-5-107 to affirm the judgment of the general sessions court following the dismissal of the defendant's appeal creates no conflict with the saving statute. The saving statute is not implicated because the defendant has no cause of action to refile within one year of the order of dismissal.

Nor does the application of Tennessee Code Annotated section 27-5-107 conflict with our decision in Ware v. Meharry Medical College, 898 S.W.2d 181, 184 (Tenn. 1995) (holding that an appeal from the general sessions court provides an opportunity for a new trial in the circuit court as if the case had originated in the circuit court). At the time of Ms.

---

[1] In its entirety, Tennessee Code Annotated section 27-5-107 states, "If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs." The circuit court awarded the Crowleys $1,808.10 in discretionary costs. This award has not been appealed.

Thomas's appeal, Tennessee Code Annotated section 27-5-108(a) stated, "Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter."[2] To perfect an appeal in compliance with the provisions of the chapter, a party must file timely notice of appeal, Tenn. Code Ann. § 27-5-108(a), (b), and file either an appeal bond or an affidavit of indigency, Tenn. Code Ann. § 27-5-103(a). Section 27-5-108(c) provides that "[a]ny appeal shall be heard de novo in the circuit court."

Mr. Crowley could have appealed the $14,500 judgment in his favor because the general sessions judgment was less than the amount he requested and was therefore "adverse" to him. See Benson v. Herbst, 240 S.W.3d 235, 240 (Tenn. Ct. App. 2007) (applying section 27-5-108(a) prior to the statute's 2008 amendment). He did not appeal the judgment, and his cause of action proceeded to the circuit court only by virtue of Ms. Thomas's appeal. While Ms. Thomas's appeal was pending, Mr. Crowley was free to amend his complaint. Tenn. Code Ann. § 16-15-729 (2009). Ms. Thomas, however, could dismiss the appeal without the consent and over the objection of Mr. Crowley. Gill, 958 S.W.2d at 351; Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 3:11 (2011 ed.). The dismissal of Ms. Thomas's appeal removed the case from the circuit court and was fatal to Mr. Crowley's amended cause of action.

## III. Conclusion

The circuit court properly dismissed the defendant's appeal and affirmed the judgment of the general sessions court pursuant to Tennessee Code Annotated section 27-5-107. We affirm the judgment of the lower courts dismissing Ms. Thomas's appeal and affirming the judgment of the general sessions court. Costs of this appeal are assessed against Mr. and Mrs. Crowley, and their surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

---

[2] Tennessee Code Annotated section 27-5-108 was amended in 2008 to read, "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." Tenn. Code Ann. § 27-5-108(a)(1) (Supp. 2010) (amended by 2008 Tenn. Pub. Acts 756). Ms. Thomas perfected her appeal on February 4, 2008, prior to the amendment's effective date of July 1, 2008. We therefore apply the statute in effect prior to its 2008 amendment.