IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 21, 2011

# KRYSTAL DAWN (WALTON) CANTRELL v. PATRICIA TOLLEY

**Direct Appeal from the Circuit Court for Shelby County**
**No. 306234-TD     Robert L. Childers, Judge**

**No. W2010-02019-COA-R3-CV - Filed August 11, 2011**

This case arises from the circuit court's execution of judgment. Following dismissal of Appellant's appeal from the general sessions court, the circuit court specifically affirmed the judgment of the general sessions court, issued execution thereon, and denied Appellant's motion to quash the execution upon its finding that the ten year time period for collection of judgments, under Tennessee Code Annotated Section 28-3-110, ran from the date of the circuit court's order. Upon review, we conclude that, by affirming the general sessions court's judgment, the circuit court retained jurisdiction to execute the judgment, and that the ten year time period for collection of the judgment ran from the date of the circuit court's order and was not expired when levy was made. Affirmed.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Jeffery L. Stimpson, Munford, Tennessee, for the appellant, Krystal Dawn (Walton) Cantrell.

Joseph D. Barton, Millington, Tennessee, for the appellee, Patricia Tolley.

**OPINION**

This case began in the Shelby County General Sessions Court. On July 29, 1999, Appellant Krystal Dawn (Walton) Cantrell filed a civil warrant against Appellee Patricia Tolley, Eagles Nest Campground, and its owner T.W. Lanier, Inc., seeking damages for "personal injury, medical bills, and disability caused by the negligence of defendant to

maintain their premises free from the criminal act of Patricia Tolley."[1]  The case against Eagles Nest and T.W. Lanier was dismissed with prejudice, and neither is a party on appeal. On or about December 2, 1999, Ms. Tolley filed a counterclaim in the general sessions court against Ms. Cantrell for "false arrest, slander, [and] malicious prosecution."  On December 2, 1999, judgment was entered for Ms. Tolley on her counterclaim in the amount of $4,000.

On December 10, 1999, Ms. Cantrell appealed the general sessions judgment to the Shelby County Circuit Court.  On January 8, 2001, the circuit court entered an order dismissing Ms. Cantrell's appeal and affirming the general sessions court's judgment. Specifically, the circuit court's order states:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:
>
> 1.  That the appeal of Plaintiff Kris D. Walton [Cantrell] from the judgment of the General Sessions Court of Shelby County Tennessee be, and is hereby, dismissed.
>
> 2.  That the judgment of the lower Court be, and is hereby, affirmed.
>
> 3.  That the costs of this cause be, and hereby are, adjudged against the plaintiff, for all of which let execution issue.

As is relevant to the instant appeal, the circuit court's order did not remand the case to the general sessions court for execution of the judgment.  Rather, no further action was taken until the circuit court clerk issued a writ of execution (*feri facias*) on May 21, 2010; the execution was reissued on May 27, 2010.  Under the writ of execution, on May 28, 2010, the Sheriff of Tipton County took possession of Ms. Cantrell's 2003 GMC Sonoma truck to satisfy the judgment rendered against her.

On June 4, 2010, Ms. Cantrell filed a motion to quash and stay execution and for an order returning her personal property.  Specifically, Ms. Cantrell argued that the general sessions court's judgment could not be enforced by a writ of execution because the time period for execution on the judgment had expired.  Ms. Cantrell further argued that the order entered by the circuit court, on January 8, 2001, was not a judgment upon which execution might be had, but was merely an order of dismissal of an appeal, affirmance of the lower court, and remand of the case to the general sessions court for enforcement.  By Order of

---

[1] The record does not elaborate on the events that gave rise to this lawsuit.

August 16, 2010, the circuit court denied Ms. Cantrell's motion to quash execution, specifically stating:

> That the January 8, 2001 Order makes no mention of a monetary amount in the body of the Order, but that this Court finds that according to...***Anderson*** [***v. Moore***, 63 Tenn. 15, 1874 WL 4231 (Tenn. 1874)], remand is not necessary in order to reinstate the General Sessions judgment.
>
> That accordingly, Defendant Patricia Tolley was entitled to execute the December 2, 1999 General Sessions judgment after the January 8, 2001 Order was entered because it is treated as if the judgment had been rendered in the Circuit Court.
>
> That the ten-year time bar on the life of the judgment did not begin to run until after the Order was entered in 2001, and there was no need to revive the General Sessions Judgment because the January 8, 2001 Order had the effect of reinstating the General Sessions judgment for execution.
>
> That the ten year life of the final judgment will not expire until January 8, 2011....

Ms. Cantrell filed a timely appeal to this Court. We perceive that there are two issues for review:

> 1. After dismissing the appeal, whether the circuit court had authority/jurisdiction to issue execution on the judgment.
>
> 2. Whether the ten year time period for execution on the judgment expired prior to levy and, specifically, whether the time period should run from entry of the general sessions judgment, on December 2, 1999, or from entry of the circuit court's January 8, 2001 Order dismissing the appeal?

The issues on appeal involve the question of whether the circuit court's issuance of a writ of execution, and its denial of Ms. Cantrell's motion to quash the writ, were proper. Appeals from the general sessions court are governed by statute, *see* Tenn. Code Ann. §§ 27–5–101 to –108 (2000 & Supp. 2010), and by the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 1(2) ("The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court."). The application of a statute or the Tennessee Rules of Civil Procedure to the facts of a case is a question of law, which we review *de novo*, with no presumption of correctness. ***Larsen–Ball v. Ball***, 301 S.W.3d 228, 232 (Tenn. 2010); *see*

*Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

### Execution of Judgment by the Circuit Court

At the time of Ms. Cantrell's appeal to circuit court, Tennessee Code Annotated Section 27–5–108(a) stated that, "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter."[2] To perfect an appeal in compliance with the provisions of the chapter, a party must file a timely notice of appeal, Tenn. Code Ann. § 27–5–108(a), (b), and file either an appeal bond or an affidavit of indigency, Tenn. Code Ann. § 27–5–103(a). Section 27–5–108(c) provides that "[a]ny appeal shall be heard de novo in the circuit court." There is no dispute in this case that Ms. Cantrell perfected her appeal to the circuit court.

Although the circuit court's January 8, 2001 order does not specifically state the court's reason for dismissing Ms. Cantrell's appeal, we gather from the record (and from the parties' respective briefs), that the reason was Ms. Cantrell's failure to appear to prosecute her case. When a party fails to prosecute its appeal, or to appear, several statutes come into play. *Nix v. Sutton*, No. M2006-00960-COA-R3-CV, 2007 WL 1541331, at *2 (Tenn. Ct. App. May 25, 2007). As recently discussed by this Court in *Memphis Area Teachers Credit Union v. Jones*, No. W2009-01419-COA-R3-CV, 2010 WL 2349202, at *2 (Tenn. Ct. App. June 14, 2010), under Tennessee Code Annotated Section 27-5-105, once an appeal has been perfected, Tennessee Code Annotated Section 27-5-105(a)(1) requires the general sessions court clerk to file the "papers" in the case with the circuit court clerk. Tennessee Code Annotated Section 27-5-106 then provides:

> (a) If the clerk fails to return the papers within the time prescribed, but returns them during the term to which the same are returnable, *and the appellant fails to appear and prosecute the appeal*, if such appellant is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions, against the appellant for the debt and the appellant and the appellant's

---

[2] Tennessee Code Annotated Section 27–5–108 was amended in 2008 to read: "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." Tenn. Code Ann. § 27–5–108(a)(1) (Supp. 2010) (amended by 2008 Tenn. Pub. Acts 756). Ms. Cantrell perfected her appeal on December 10, 1999, prior to the amendment's effective date of July 1, 2008. We therefore apply the statute in effect prior to its 2008 amendment.

sureties for the cost.

Tenn. Code Ann. § 27-5-106(a) (emphasis added). Likewise, Tennessee Code Annotated Section 27-5-107 provides:

> If the papers are properly returned, *and the appellant fails to appear or defend* as above, *or if the appeal is dismissed for any cause*, the appellee is entitled to an affirmance of the judgment below, with costs.

Tenn. Code Ann. § 27-5-107 (emphasis added). "In sum, these statutes provide that when a party appeals from general sessions court to circuit court, but fails to appear and prosecute his appeal in circuit court, dismissal of the appeal is warranted." *Nix*, 2007 WL 1541331, at *2. (citing 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice § 3:11 (2007 ed.)); *see also* **C.B. Donaghy & Co. v. McCorkle**, 98 S.W. 1050, 1051 (1907) (citing Shannon's Code § 4876 (later codified as Tenn. Code Ann. § 27–5–107)) (discussing a defendant's dismissal of its appeal from the judgment of a justice of the peace); *cf.* **Gill v. State Farm Ins. Co.**, 958 S.W.2d 350, 351–52 (Tenn. Ct. App. 1997) (affirming the circuit court's dismissal of the defendant's appeal from the judgment of the general sessions court over the plaintiff's objection).

In the case of **Nix v. Sutton**, plaintiff Nix recovered a judgment against defendant Sutton in general sessions court. **Nix**, 2007 WL 1541331, at *1. Defendant Sutton then appealed the general sessions judgment to the circuit court. **Id**. On the day of the hearing, defendant Sutton failed to appear because he had gone to the wrong courthouse. Pursuant to the foregoing statutory scheme, the circuit court dismissed defendant Sutton's appeal and remanded the case to general sessions court for execution on the judgment. On appeal, this Court affirmed the circuit court's dismissal of defendant Sutton's appeal. **Id**. at *3. Citing Tennessee Code Annotated Sections 27-5-106 and 27-5-107, we specifically held that dismissal of an appeal from the general sessions court is warranted when the appellant fails to appear and prosecute his or her appeal in circuit court. **Id**. at *2. Consequently, we affirmed the dismissal of the appeal by the circuit court. **Id**. at *3.

In the case of **Steve Frost Agency v. Spurlock**, 859 S.W.2d 337, 338 (Tenn. Ct. App. 1993), the defendant appealed the general sessions court's judgment to circuit court, failed to appear on the date of trial, and the circuit court dismissed his appeal. The defendant then filed a motion for a new trial, claiming that he had mistaken the date of trial. **Id.** Nevertheless, the circuit court denied the motion for new trial. **Id.** On appeal, the Middle Section of this Court affirmed the circuit court's dismissal of the case based on the previously

mentioned statutes. *Id*. at 340. In so holding, we noted that, upon dismissal of the appeal for the appellant's failure to appear and prosecute, it was the duty of the circuit court to render judgment for the amount of the general sessions judgment. *Id*. at 339; *see also **Cooke v. Neighborhood Grocery***, 122 S.W.2d 438, 440 (Tenn. 1938) (holding that a defendant appealing to circuit court had a duty to appear and prosecute her appeal, and when she failed to appear, her opponent had a right to have the judgment affirmed); ***Osborne v. Turner***, No. 296, 1991 WL 26720, at *2 (Tenn. Ct. App. Mar. 5, 1991) (noting that, "[s]ince the defendant had appealed to the circuit court and failed to appear, the court had no choice but to dismiss the appeal and enter the judgment that was entered in the general sessions court."). The circuit court's procedure, upon a party's failure to appear, is succinctly outlined in Lawrence A. Pivnick, Tennessee Circuit Court Practice § 33:11 (2010):

> An appellant's failure to appear and prosecute his appeal in circuit court warrants dismissal of the appeal. More specifically, if the appellant is the original defendant and he fails to appear to prosecute his appeal, the plaintiff shall receive final judgment by default against the appellant for the debt portion of the general sessions judgment and against the appellant and his sureties for the costs. If the appellant who fails to appear is the original plaintiff, the appeal should be dismissed and the general sessions judgment affirmed.

*Id*. (footnotes omitted).

In the recent case of ***Crowley v. Thomas***, No. M2009–01336–SC–R11–CV, 2011 WL 2420207 (Tenn. June 17, 2011), our Supreme Court discussed the distinction between a plaintiff/appellant's voluntary non-suit of its circuit court appeal and a circuit court's dismissal of a defendant's appeal in the context of the Tennessee saving statute. As is relevant to the instant appeal, Justice Holder, writing for the Court, noted the distinction between a circuit court appeal filed by a plaintiff (which requires no affirmance so as not to negate the saving statute), and an appeal filed by a defendant. *Id.* As discussed above, the instant appeal arises from the counterclaim, which was filed by Ms. Tolley (as counter-plaintiff) against Ms. Cantrell (as counter-defendant), and it is in the posture of counter-defendant that Ms. Cantrell filed her appeal to the circuit court. The ***Crowley*** Court noted that, "[a] defendant appealing a general sessions judgment is in a different posture [than a plaintiff appealing a general sessions judgment]". *Id*. (citing ***Katz v. Bilsky***, 759 S.W.2d 420, 422 (Tenn. Ct. App. 1988)). As is relevant to the instant appeal, the ***Crowley*** Court stated that:

> A defendant's appeal to the circuit court is simply a continuation

of the defendant's opposition to the plaintiff's civil warrant initiated in the general sessions court. The circuit court's application of section 27–5–107 to affirm the judgment of the general sessions court following the dismissal of the defendant's appeal creates no conflict with the saving statute. The saving statute is not implicated because the defendant has no cause of action to refile within one year of the order of dismissal.

*Crowley*, 2011 WL 2420207, at *2. Although the instant case does not implicate the saving statute, the fact that a defendant's appeal to circuit court is a continuation of the general sessions court's proceedings may have bearing on the question of whether the circuit court retains its jurisdiction, following dismissal of the appeal, to issue a writ of execution. From our research, this specific question has not been previously addressed by our courts. However, while jurisdictional lines are not always bright, the allocation of jurisdiction between courts in our hierarchical system has established some guiding rules in this area. It is well established that, once a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court–perfecting an appeal vests jurisdiction over the case in the appropriate appellate court. *See, e.g.*, *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *Spann v. Abraham*, 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999). Thereafter, the usual course establishes that the appellate court retains jurisdiction over a case until its mandate returns the case to the trial court. *Raht v. So. Ry. Co.*, 215 Tenn. 485, 498, 387 S.W.2d 781, 787 (1965) (holding that issuance of mandate by an appellate court revests the trial court with jurisdiction over a case); *Hall v. Pippin*, No. M2001–00387–COA–OT–CV, 2001 WL 196978, at *3 (Tenn. Ct. App. Feb. 28, 2001). In the instant case, this passing of jurisdiction from one court to another is muddied not only by the fact that a defendant's appeal to the circuit court is merely a continuation of the general sessions case, *Crowley*, 2011 WL 2420207 at *2, but also by the fact that, when a circuit court dismisses an appeal from the general sessions court, it is not required to issue a mandate to the general sessions court. Rather, as discussed in Sam Gilreath & Bobby R. Aderholt, Caruthers History of a Lawsuit § 510, at 583 (8th ed. 1963):

[I]f the papers [from the general sessions court] are properly filed upon appeal [to the circuit court,] prayed and granted within the two, or ten, days, the jurisdiction of the circuit court attaches, and a *procedendo* is not necessary on dismissing the appeal; the judgment of dismissal has the force and effect of a *procedendo*. On production of a certified copy of the judgment of dismissal, or other satisfactory evidence, the justice or general sessions judge would be authorized to reinstate the case on his docket and issue execution without an order from the court. The

-7-

appellee may prefer to have his judgment in the circuit court, and, upon his motion, the court would dismiss the appeal and affirm the judgment of the justice or general sessions court.[3]

In **Steve Frost Agency**, we noted that, "upon dismissal of the appeal for failure of appellant to appear and prosecute, it is the duty of the Circuit Court to render judgment for the amount of the General Sessions judgment. However, if the Circuit Court judgment is for dismissal and costs only, the General Sessions judgment is reinstated and may be enforced as if a procedendo had been awarded." **Steve Frost Agency**, 859 S.W.2d at 339 (citing **Anderson v. Moore**, 63 Tenn. (4 Baxter) 15 (1874)). Therefore, in Tennessee, a circuit court is not required to issue a written *procedendo* in order to reinstate the order of the general sessions court. Rather, upon dismissal of the action, the general sessions judgment is revived as if the circuit court had, in fact, issued a mandate to the lower court. Consequently, the fact that the circuit court in the instant case did not expressly remand the case to the general sessions court for execution of the judgment does not, *ipso facto*, mean that the general sessions court lacked the authority to enforce its judgment, nor does it automatically mean that the circuit court lacked jurisdiction to issue the writ of execution. As noted in Caruthers, *supra*, an appellee may have his or her judgment in the circuit court. In that case, the circuit court's order should not only dismiss the appeal, but it should also affirm the judgment of the general sessions court. Caruthers, § 510, at 583. This distinction is subtle–if the circuit court's order merely dismisses the appeal and assesses costs, then the order constitutes an

---

[3] Procedendo is discussed in 62B Am. Jur. 2d Procedendo § 1, as follows:

> Procedendo is a high-prerogative writ of an extraordinary nature. Generally, it is defined as an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment in a case, without attempting to control the inferior court as to what the judgment should be.
>
> A writ of procedendo, or of mandamus, is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.
>
> In some jurisdictions, the term "procedendo" is used interchangeably with "remittitur" and "mandate" to denote the order issued by a court of review on the decision of a cause on appeal or writ of error. As so used, the function of a procedendo is to direct the action to be taken or disposition to be made of the cause by the lower court, operating in the same manner as the mandate or remanding order of a court of review.
>
> In still other jurisdictions, "procedendo" has come to mean an order of an appeals court to an inferior court to proceed with the execution of its judgment.

*Id*. (footnotes omitted).

affirmance of the general sessions court's order in the sense that the order of dismissal functions as either a reviver of the general sessions order (under **Crowley**) or as an automatic procedendo for execution in the general sessions court (Caruthers). The result is the same–the general sessions judgment is affirmed (thus satisfying the mandates of Tennessee Code Annotated Section 27-5-107, *supra*), but jurisdiction would return to the general sessions court upon dismissal of the appeal. **Raht v. So. Ry. Co.**, 387 S.W.2d at 787. However, if the circuit court specifically affirms the judgment of the general sessions court, as in the present case, then the judgment of the general sessions court becomes the judgment of the circuit court. In such a case, jurisdiction remains with the circuit court to execute its judgment.

As succinctly stated by the Missouri Court of Appeals, "[t]he mandate of the appellate court is not its judgment." **Lombardo v. Lombardo**, 120 S.W.3d 232, 243 (Mo. Ct. App. 2003). Rather, "the mandate constitutes the official communication of the appellate judgment to the subordinate court." **Id**. "When the terms of mandate remand the cause to the subordinate tribunal, the effect is to revest jurisdiction in that court to take the acts directed." **Id**. By way of example, if the circuit court, in this case, had merely dismissed the appeal, without specific affirmance, this would have resulted, under the authority outlined above, in an automatic mandate, or *procedendo*, to the general sessions court, thus shifting jurisdiction back to the lower court. However, the circuit court here specifically affirmed the general sessions court. As discussed in 5 C.J.S. Appeal and Error § 1043:

> Generally, where a final judgment of the lower court is affirmed on appeal in all its parts and the case is not remanded to the lower court for further proceedings, the controversy is at an end, and the rights of the parties insofar as involved in the litigation are conclusively adjudicated.... *When an appellate court affirms a trial court's judgment, that judgment becomes the judgment of both courts.* [**Denton County v. Tarrant County**, 139 S.W.3d 22 (Tex. Ct. App. 2004)] . . . .
>
> [In the case of affirmance,] the jurisdiction of the trial court terminates both as to the parties and subject matter when the judgment has been affirmed. **Waterhouse v. Iowa Dist. Court for Linn County**, 593 N.W.2d 141 (Iowa Ct. App. 1999).

5 C.J.S. Appeal and Error § 1043 (emphasis added).

It is well settled that a trial court speaks through its orders, **Palmer v. Palmer**, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). In its August 16, 2010 Order denying Ms.

Cantrell's motion to quash execution, the circuit court states, in relevant part, that Ms. Tolley "was entitled to execute the December 2, 1999 General Sessions judgment after the January 8, 2001 Order was entered *because it is treated as if the judgment had been rendered in the Circuit Court*." (Emphasis added). From this statement, it is clear that the circuit court's intent, in affirming the judgment of the general sessions court, was to adopt the general sessions judgment as its own.

As discussed in 30 AM. JUR. 2d Executions § 3 (2011):

> Every court that has the jurisdiction to render a particular judgment has the inherent power to enforce it. A court has not only the right, but a duty to make its decrees effective, and prevent evasions thereof. The court should see to it that its judgment is enforced when the court is asked to do so by the issuance of the necessary orders and appropriate processes to make the judgment effective . . . .

*Id*. (Footnotes omitted). Therefore, by specifically affirming the general sessions court's judgment the circuit court ostensibly made the general sessions court's judgment its own judgment. Consequently, we conclude that the circuit court had jurisdiction and authority to issue execution to enforce its order.

## Time Period for Collecting Judgment

Tennessee Code Annotated Section 28-3-110(b) provides that actions on judgments must be commenced within ten years of accrual. In this case, Ms. Cantrell argues that the circuit court's order dismissing her appeal was merely a mandate to the general sessions court and was not, itself, an order upon which execution could issue. We disagree. Based upon the foregoing discussion, the January 8, 2001 Order was, in fact, the circuit court's order, and was not (as Ms. Cantrell contends) a mere *procedendo* to the lower court for execution of the original order, which was entered on December 2, 1999. Consequently, we conclude that the January 8, 2001 Order constitutes an accrual of the judgment against Ms. Cantrell, and that Ms. Tolley had until January 8, 2011 to collect the $4,000. It is undisputed that the Tipton County Sheriff accomplished the levy on May 28, 2010, which was within the statutory period. Therefore, the circuit court did not err in denying Ms. Cantrell's motion to quash execution on grounds of the expiration of the ten year statute of limitations.

For the foregoing reasons, we affirm the judgment of the circuit court and its execution on the judgment. Costs of this appeal are assessed against the Appellant, Krystal Dawn (Walton) Cantrell and her surety.

_____
J. STEVEN STAFFORD, JUDGE