IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 20, 2016 Session

## GEICO GENERAL INSURANCE CO. v. G & S TRANSPORTATION, INC.

**Appeal from the Circuit Court for Rutherford County**
**No. 65906     J. Mark Rogers, Judge**
_____

**No. M2016-00430-COA-R3-CV – Filed October 17, 2016**
_____

This appeal arises from the circuit court's grant of a motion to dismiss. Appellant Geico filed an action in general sessions court against Appellee G&S Transportation, seeking subrogation damages resulting from an automobile accident. The general sessions court entered a default judgment in favor of Geico. G&S appealed the case to circuit court. Three years later, G&S filed a motion to dismiss the case for failure of Geico to prosecute. Geico did not file a response and the trial court granted the motion to dismiss. Geico appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Zachary T. Glaser, Gallatin, Tennessee, for the appellant, Geico General Insurance Company.

Reba Brown and Brad W. Craig, Nashville, Tennessee, for the appellee, G & S Transportation, Inc..

## OPINION

### I.  Background

On December 4, 2012, Appellant Geico General Insurance Company ("Geico"), as subrogee of a party injured in an automobile accident, filed suit against Appellee G & S Transportation, Inc. ("G&S") in the General Sessions Court of Rutherford County. On

January 11, 2013, the general sessions court entered a default judgment against G&S in the amount of $15,206.36. On January 22, 2013, G&S filed an appeal of the general sessions judgment to the Circuit Court of Rutherford County. The matter was initially stayed, in the circuit court, pending resolution of G&S's bankruptcy petition. In July 2013, Geico's attorney died, further delaying the case. A year later, on July 15, 2014, Geico substituted its attorney, but took no further action in the case.

On November 19, 2015, sixteen months after Geico announced new counsel, G&S filed a motion to dismiss the circuit court case for failure to prosecute. Geico did not respond to the motion. On December 4, 2015, the trial court heard the motion; Geico did not appear at the hearing. By order of January 21, 2016, the trial court granted G&S's motion, stating, in pertinent part, that:

> this matter has been inactive on the Court's docket for over a year, that a response to [G&S's] motion to dismiss for lack of prosecution has not been filed by [Geico], and that this motion is well taken. It is therefore ordered, adjudged and decreed that this cause be and the same is hereby dismissed with prejudice to the refiling of same as to G&S Transportation, Inc.

On January 29, 2016, Geico filed an objection to the January 21, 2016 order. Following a hearing on February 19, 2016, the trial court denied the objection by order of March 21, 2016. The order states that "the order entered by the Court on January 21, 2016, shall remain in full force and effect and [Geico's] claims against [G&S] are dismissed with prejudice." Geico appeals.

## II.    Issues

Geico presents the following issue for review as stated in its brief:

Whether the trial court erred in dismissing Geico's claim for failure to prosecute when Geico was the appellee in the appeal from general sessions.

## III.    Standard of Review

Appeals from the general sessions court are governed by statute, *see* Tenn. Code Ann. §§ 27-5-101 to-108, and by the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 1(2) ("The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court."). The application of a statute or the Tennessee Rules of Civil Procedure to the facts of a case is a question of law, which we review de novo, with no presumption of correctness. *Crowley v. Thomas*, 343 S.W.3d 32, 34 (Tenn. 2011)(citing *Larsen-Ball v. Ball*, 301 S.W.3d 228, 232 (Tenn. 2010); *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009)).

A trial court's decision to dismiss a case for failure to prosecute is within its sound discretion and will not be reversed unless there is abuse of discretion. *White v. College Motors, Inc.,* 370 S.W.2d 476, 477 (Tenn.1963); *Osagie v. Peakload Temp. Servs.,* 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002); *Manufacturers Consolidation Service, Inc. v. Rodell,* 42 S.W.3d 846 (Tenn. Ct. App. 2000). Because decisions to dismiss for failure to prosecute are discretionary, *White,* 370 S.W.2d at 477, we will reverse a trial court's decision "only when it has acted unreasonably, arbitrarily, or unconscionably." *Hodges v. Tenn. Attorney Gen.,* 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000) (citing *Friedman v. Belisomo,* No. 02A019304-CH-00094, 1993 WL 498504, at *3 (Tenn. Ct. App. Dec. 1, 1993)); *see also Hanna v. Gaylord Entm't Co.,* No. M2004-00413-WC-R3-CV, 2006 WL 1815079 (Tenn. 2006).

## IV. Analysis

Geico argues that, in an appeal from general sessions court, an appellee does not have the burden to prosecute, regardless of whether the appellee was the plaintiff or defendant in the general sessions suit. The Tennessee Supreme Court has determined that, in an appeal from general sessions court, a defendant's appeal to the circuit court is simply a continuation of the defendant's opposition to the plaintiff's civil warrant initiated in the lower court. *Crowley*, 343 S.W.3d at 35. Defendants appealing from a general sessions court judgment need not "replead their action, reissue process or take any other retrospective step, once a case is appealed from a general sessions court to a circuit court." *Brown v. Roland*, 357 S.W.3d 614, 618 (Tenn. 2012) (citing *Vinson v. Mills,* 530 S.W.2d 761, 765 (Tenn.1975); *Graham v. Caples,* 325 S.W.3d 578, 583 (Tenn. 2010) (holding that a defendant was not required to replead a motion to dismiss in circuit court that had been filed in the general sessions court)).

Geico's argument rests on its interpretation of Tennessee Code Annotated Section 27-5-106, which it alleges places the burden to prosecute the appeal on the appellant. The statute provides, in relevant part, that:

> (a) If the clerk fails to return the papers within the time prescribed, but returns them during the term to which the same are returnable, and the appellant fails to appear and prosecute the appeal, if such appellant is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions, against the appellant for the debt and the appellant and the appellant's sureties for the cost.
> (b) If the plaintiff is the appellant, and fails to appear within the term, the plaintiff's suit shall be dismissed, and judgment given against the plaintiff and the plaintiff's sureties for costs.

Tenn. Code Ann. § 27-5-106. Initially, we note that the facts of this case are not contemplated by the foregoing statute. Tennessee Code Annotated Section 27-5-106 addresses those situations where the circuit court appellant is the original general sessions court defendant and fails to appear in circuit court. In this case, G&S is the original defendant. However, it is Geico (the original plaintiff in general sessions court and the appellee in the circuit court appeal) that failed to appear to defend against G&S's motion to dismiss the circuit court case. Accordingly, Tennessee Code Annotated Section 27-5-106 is not dispositive of the instant appeal.

Concerning whether the trial court erred in dismissing Geico's claims upon its failure to prosecute, the Tennessee Supreme Court has discussed the de novo review of circuit court hearings on appeal from general sessions court. In *Ware v. Meharry Med. College*, 898 S.W. 2d 181, 184 (Tenn. 1995), the Court concluded that

> de novo appeals from the general sessions courts differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. *Hohenberg Bros. Co. v. Missouri Pac. R.R.,* 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979). Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court. *Teague v. Gooch,* 206 Tenn. 291, 296, 333 S.W.2d 1, 3 (1960); *Odle v. McCormack,* 185 Tenn. 439, 445, 206 S.W.2d 416, 419 (1947); *Braverman v. Roberts Constr. Co.,* 748 S.W.2d 433, 435 (Tenn. Ct. App. 1987); Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 3-10, at 115 (3d ed. 1991).

*Ware*, 898 S.W.2d at 184. Therefore, in general terms, cases appealed from general sessions court should be treated no differently than cases originally filed in circuit court. *Crom-Clark Trust v. McDowell*, No. M2005-01097-COA-R3CV, 2006 WL 2737828, at *4 (Tenn. Ct. App. Sept. 25, 2006) (citing *Pieny v. United Imports, Inc*., No. M2004-01695-COA-R3-CV, 2005 WL 2140853 at *4-5 (Tenn. Ct. App. Sept. 6, 2005) "When cases arrive in circuit court following a de novo appeal from general sessions court, they stand in the same footing as if they were originally filed in circuit court.")

The rules of civil procedure apply to general sessions appeals after a case is transferred to circuit court. *Crowley*, 343 S.W. 3d at 34 (quoting Tenn. R. Civ. P. 1(2) ("The rules shall apply after appeal or transfer of a general session civil lawsuit to circuit court.")). Thus, "the parties in a case appealed from a general sessions court to a circuit court have all the procedural rights and remedies available to them that are available to parties in cases that were originally filed in circuit court." *Crom-Clark*, 2006 WL2737828 at *4.

The Tennessee Rules of Civil Procedure expressly authorize a trial court to dismiss a plaintiff's complaint if he or she fails: (1) to prosecute a claim, (2) to comply with the Rules

of Civil Procedure, or (3) to comply with any order of the court. ***Mfrs. Consolidation Servs., Inc. v. Rodell***, 42 S.W. 3d 846, 864 (Tenn. Ct. App. 2000). Rule 41.02(1) of the Tennessee Rules of Civil Procedure provides: "For the failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Tenn. R. Civ. P. 41.02(1). Geico argues that Tennessee Code Annotated section 27-5-106 and Tennessee Rule of Civil Procedure 41.02 are in conflict and that the statute, which requires the appellants to prosecute the case in case to circuit court, supercedes the procedural rule, which places the burden of prosecution on the plaintiff. We disagree. The statute relied on by Geico is inapplicable to the facts of this case. Here, the circuit court appeal is governed by the Tennessee Rules of Civil Procedure and the trial court's discretion. ***Osagie v. Peakload Temp. Servs.***, 91 S.W. 3d 326, 329 (Tenn. Ct. App. 2002) "A trial court's decision to dismiss a case for failure to prosecute is within its sound discretion.")

This case was pending in circuit court from January 2013 until it was dismissed in January 2016. Geico substituted counsel by order entered January 2014, but took no further action in the case. Geico knew that G&S filed a motion to dismiss, yet it failed to respond to the motion or to appear for the hearing. Geico argues that G&S had the burden to prosecute the case. However, Tennessee Rule of Civil Procedure 41.02 expressly provides that "a defendant may move for dismissal of an action or of any claim against the defendant" where a plaintiff fails to prosecute the case or comply with the Rules of Civil Procedure. Exercising its right under Tennessee Rule of Civil Procedure 41.02, G&S moved to dismiss for failure to prosecute because the case had been lingering for over fifteen months with no movement whatsoever. The rules clearly allow for dismissal in such a case. Accordingly, the circuit court's order of January 21, 2016, which states that "this cause be and the same is hereby dismissed with prejudice to the refiling of same as to G&S Transportation, Inc" is compliant with the applicable rules and does not constitute an abuse of discretion.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order of dismissal. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Geico General Insurance Co., and its surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

- 5 -