IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 22, 2020 Session

## BRANDON BURNS v. STATE FARM FIRE AND CASUALTY COMPANY

**Appeal from the Circuit Court for Knox County**
**No. 2-227-18     William T. Ailor, Judge**

_____

### No. E2019-00044-COA-R3-CV

_____

This appeal concerns a plaintiff's effort to amend a civil warrant. Brandon Burns ("Burns") had homeowners insurance through State Farm Fire and Casualty Company ("SFFCC"). When SFFCC did not repair the progressing damage to his home caused by a sinkhole, Burns sued "State Farm Insurance" in the Knox County General Sessions Court ("the General Sessions Court"). It was the wrong entity. Nevertheless, Burns obtained a $25,000 default judgment against it. SFFCC, a non-party, somehow and for some reason filed an appeal to the Circuit Court for Knox County ("the Circuit Court"). In the Circuit Court, Burns filed a motion to amend. SFFCC filed a motion to dismiss, which the Circuit Court granted as to SFFCC but not as to State Farm Insurance. SFFCC then dismissed its appeal, content to let the General Sessions Court judgment stand against State Farm Insurance. Some months later, Burns made an oral motion to amend in the General Sessions Court, which was granted. The parties agreed to remove the case back to the Circuit Court, which granted summary judgment to SFFCC. Burns appeals. We hold that the General Sessions Court lacked jurisdiction to grant Burns' motion to amend or otherwise modify its judgment because its judgment became final months before Burns' motion was noticed for hearing in the General Sessions Court. We affirm the judgment of the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

Thomas M. Leveille and Luke D. Durham, Knoxville, Tennessee, for the appellant, Brandon Burns.

Matthew J. Evans and Paige Coleman, Knoxville, Tennessee, and, Michael A. Johnson, Nashville, Tennessee, for the appellee, State Farm Fire and Casualty Company.

# OPINION

## Background

In 2014, Burns' deck was damaged by the collapse of a sinkhole at his home in Knoxville. Burns had homeowners insurance through SFFCC. As a result of a phone conversation with an SFFCC agent, Burns understood that SFFCC would not only repair his deck but also progressing damage to his home. However, Burns received a check from SFFCC short of the full amount necessary for these additional repairs. In a letter conveying the check, SFFCC wrote "the stabilization of the land underneath the deck is not part of an insurable loss." In October 2015, SFFCC sent Burns a letter stating "no additional voluntary payment will be made on this claim."

In May 2016, Burns initiated a lawsuit in the General Sessions Court against an entity called State Farm Insurance. SFFCC, Burns' actual insurance company, never was served with process and at this stage did not get involved in the lawsuit. On June 29, 2016, Burns obtained a $25,000 default judgment against State Farm Insurance. On the same day, Burns sent SFFCC a letter stating: "Please be advised that Brandon Burns received a judgment by default against State Farm Insurance Company in the Knox County General Sessions Court this morning in front of the Honorable Patricia Long. No one appeared on behalf of State Farm." At this point, the case took a strange procedural turn. SFFCC, not State Farm Insurance, appealed to the Circuit Court even though no judgment was entered against it and it was not a party to the lawsuit. Burns did not file an appeal.

In July 2016, SFFCC filed a motion to dismiss in the Circuit Court asserting that it had never been served. In November 2016, Burns filed a motion pursuant to Rule 15 of the Tennessee Rules of Civil Procedure seeking to amend his complaint to name the correct entity. In December 2016, the Circuit Court granted SFFCC's motion to dismiss with respect to SFFCC but not State Farm Insurance. Concurrently, SFFCC filed a notice of dismissal seeking to finalize the General Sessions Court's judgment against State Farm Insurance. SFFCC also responded to Burns' motion to amend arguing that, as it had dismissed its appeal, the Circuit Court lost subject matter jurisdiction. On January 5, 2017, the Circuit Court dismissed the appeal and ordered that "the default judgment against State Farm Insurance be and is hereby reinstated with the costs of this appeal taxed to State Farm Fire and Casualty Company."

In March 2017, Burns filed a notice of hearing in the General Sessions Court "for an oral Motion to Amend Complaint" to be set for April 3, 2017. In response, SFFCC contended that a final judgment had been entered and Burns could not now amend his

complaint.  Burns' oral motion was heard, nevertheless.  In early May 2017, the General Sessions Court granted Burns' motion, stating in its order that "the style of the case shall forever more be styled *Brandon Burns v. State Farm Fire and Casualty Company*."  SFFCC then filed in the Circuit Court its Petition for Writ of Certiorari and Supersedeas and a Motion for Entry of Order Declaring Actions and Orders in Knox County General Sessions Court Void for Lack of Subject Matter Jurisdiction.  SFFCC's petition and motion were dismissed and denied respectively by the Circuit Court, and no appeal was taken.  In June 2018, the General Sessions Court entered an agreed order removing the case to the Circuit Court.  In October 2018, SFFCC filed a motion for summary judgment.  Burns filed a response, as well as another motion to amend his complaint.

In December 2018, the Circuit Court entered an order granting SFFCC's motion for summary judgment.  In its order, the Circuit Court stated, as follows:

> This cause came before the Court on November 20, 2018, on State Farm Fire and Casualty Company's ("SFFCC") Motion for Summary Judgment.  SFFCC raises several distinct arguments in support of summary judgment.  First, SFFCC argues that the one-year contractual limitations period contained in the insurance policy ran before Plaintiff filed suit May 11, 2016.  Second, SFFCC argues that it was improperly added as a defendant after the entry of a final judgment, and that the improper amendment adding SFFCC was made in General Sessions Court and thus does not relate back to the filing of the original Complaint under Rule 15.03 of the Tennessee Rules of Civil Procedure.  Finally, SFFCC argues that process was never issued as to SFFCC, nor was SFFCC served with process.
>
> Having considered the arguments of counsel, the documents previously filed relating to SFFCC's Motion, and the record as a whole, the Court is of the opinion that SFFCC's Motion is well-taken and should be granted.  The Court specifically finds and holds as follows:
>
> 1. Process was never issued in this case with respect to SFFCC, and SFFCC has never been served with process.  SFFCC has not waived any rights related to the defenses of insufficiency of process or insufficiency of service of process.  Any appearance by or on behalf of SFFCC in this matter was made for the limited purpose of defending this action and presenting its objections, and this limited purpose was specifically noted in SFFCC's filings.  SFFCC's pleadings preserved its defenses and stated that SFFCC was making a limited appearance.  The defenses of insufficiency of process and insufficiency of service of process have not been waived by SFFCC.

2. The original action was filed on May 11, 2016, in the General Sessions Court of Knox County, Tennessee against State Farm Insurance. SFFCC is a distinct legal entity and was not served or named as a defendant in the original action. When Plaintiff later moved to amend his Complaint to add SFFCC as a defendant, a final judgment had already been entered against State Farm Insurance and the one-year contractual limitations period had expired. Plaintiff argues that his claims against SFFCC are not barred by the contractual limitations period because the amendment relates back to the original filing under Rule 15.03. In reviewing caselaw and the Tennessee Rules of Civil Procedure, the Court follows Rule 1, which clearly states:

> The Rules of Civil Procedure shall not apply to general sessions courts except as follows:
> (1) The rules shall apply to general sessions courts exercising civil jurisdiction of the circuit or chancery courts;
> (2) the rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court; and
> (3) Rule of Civil Procedure 69 governing execution on judgments shall apply to civil judgments obtained in general sessions courts.

Tenn. R. Civ. P. 1. Pursuant to Rule 1, Rule 15 does not apply to the amendment including SFFCC as a defendant and Plaintiff's claims against SFFCC are untimely. The General Sessions Court of Knox County did not have jurisdiction to apply Rule 15 to amend the General Sessions warrant or the final judgment against State Farm Insurance. As such, SFFCC is not a party to this action. Moreover, SFFCC is not responsible for the default judgment against State Farm Insurance.

3. As to the argument that the contractual limitations period had expired prior to the time suit was filed against State Farm Insurance on May 11, 2016, the Court does find and hold that there are disputed issues of material fact as it relates to State Farm Insurance. Because SFFCC is not a party to this action, however, those disputed issues of fact do not have any bearing on SFFCC and the issue is moot.

4. For the reasons stated above, the Court must grant *State Farm Fire and Casualty Company's Motion for Summary Judgment*.

**ORDERED, ADJUDGED AND DECREED** that *State Farm Fire and Casualty Company's Motion for Summary Judgment* is granted. This action is dismissed with full prejudice as to the refiling against State Farm Fire and Casualty Company. Costs in this matter shall be assessed against

the Plaintiff through his counsel of record, for which execution may issue as needed.

Burns timely appealed to this Court.

## Discussion

Burns raises five issues on appeal, including whether SFFCC waived service of process, whether the Circuit Court erred in declining to rule on Burns' motion to amend, whether an amendment would have related back to the original civil warrant, and whether the Circuit Court correctly ruled that there were genuine issues of material fact as to the contractual limitations period. However, we discern that the single dispositive issue is whether the General Sessions Court lacked jurisdiction to amend its judgment other than for clerical errors more than ten days after its judgment was reinstated by the Circuit Court.

This Court previously has discussed the ten-day period in which a general sessions court may amend its judgment, explaining:

General Sessions Courts are creatures of statute and their authority is derived therefrom; thus, the procedures set forth in the statutes governing the General Sessions Courts must be followed as written. *See, e.g.*, *J.W. Gibson Co. v. Eagle Instruments, Inc.*, 1999 WL 552879 (Tenn. Ct. App. July 28, 1999). Prior to 2007, the General Sessions Courts could only correct clerical mistakes in judgments, but had no power to set a prior judgment aside. Tenn. Code Ann. § 16-15-727. *Also see*, *Jackson Energy Authority v. Diamond*, 181 S.W.3d 735 (Tenn. Ct. App. 2005); *Richardson v. Methodist Healthcare Memphis*, 2005 WL 1541868 (Tenn. Ct. App. June 30, 2005); and *Caldwell v. Wood*, 2004 WL 370299 (Tenn. Ct. App. Feb. 27, 2004). Tenn. Code Ann. § 16-15-727 was amended in 2007, and the General Sessions Courts can now set a prior judgment aside in accordance with Tenn. R. Civ. P. 60.02. However, a motion seeking such relief must be filed within 10 days from the date of the judgment.

In this case, defendant's motion seeking to set the General Sessions default judgment aside was not filed within 10 days of the judgment. Defendant's argument is that this is somehow excusable because no notice of the hearing was sent, but defendant had notice that the lawsuit was pending, had appeared for one hearing, and had sought a continuance to pursue settlement, and then failed to appear for the later hearing after

-5-

sending an offer of settlement. Defendant obviously knew of the July 28 hearing date, and did not refute knowledge of same, and cannot now claim a lack of notice.

Assuming *arguendo* defendant's argument has merit, which we do not concede, the General Sessions Court was without authority to set aside the Judgment as found by the Trial Court, because the Motion for Release was not filed within the statutory period. Tenn. Code Ann. § 16-15-727.

*R & F Enterprises, Inc. v. Penny*, No. E2009-00007-COA-R3-CV, 2010 WL 624048, at *2 (Tenn. Ct. App. Feb. 22, 2010), *no appl. perm. appeal filed* (footnote omitted).

We begin by considering the problematic nature of SFFCC's appeal to the Circuit Court, an appeal taken effectively on behalf of State Farm Insurance as it was the entity against which judgment was entered in the General Sessions Court. SFFCC, as a non-party, should never have been allowed to appeal in the first place.[1] In any event, SFFCC's appeal was permitted and later dismissed by the Circuit Court at SFFCC's request. Our Supreme Court has discussed the effect of a defendant-appellant dismissing his or her appeal to circuit court from general sessions court:

Mr. Crowley could have appealed the $14,500 judgment in his favor . . . He did not appeal the judgment, and his cause of action proceeded to the circuit court only by virtue of Ms. Thomas's appeal. While Ms. Thomas's appeal was pending, Mr. Crowley was free to amend his complaint. Tenn. Code Ann. § 16-15-729 (2009). Ms. Thomas, however, could dismiss the appeal without the consent and over the objection of Mr. Crowley. *Gill*, 958 S.W.2d at 351; Lawrence A. Pivnick, *Tennessee Circuit Court Practice*, § 3:11 (2011 ed.). The dismissal of Ms. Thomas's appeal removed the case from the circuit court and was fatal to Mr. Crowley's amended cause of action.

*Crowley v. Thomas*, 343 S.W.3d 32, 35 (Tenn. 2011).[2]

_____

[1] "It is fundamental that '[a] person who is not a party of record to a lawsuit has no standing therein which enables him or her to take part in the proceedings.'" *City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810, at *10 (Tenn. Ct. App. Aug. 16, 2005), *Rule 11 appl. perm. appeal denied Feb. 6, 2006* (quoting *In re Estate of Reed*, No. W2003-00210-COA-R3-CV, 2004 WL 1488568, at *2 (Tenn. Ct. App. July 1, 2004), *no appl. perm. appeal filed*).

[2] We note that, applicable to appeals filed on or after May 3, 2018, Tenn. Code Ann. § 27-5-108 was amended by 2018 Tenn. Pub. Acts, Ch. 858 to read: "(2) In civil cases, if one (1) or more of the parties before the general sessions court, on one (1) or more warrants, perfects an appeal of a decision of the general sessions court to the circuit court, as provided in this section, then cross appeals and separate appeals are not required, and upon the filing of a notice of appeal by any party, issues may be brought up

When SFFCC's appeal was dismissed, the end result for Burns was that he had a default judgment against State Farm Insurance. If Burns wished to set aside this order, he had to act within ten days of the dismissal of the appeal at the latest. According to statute,

> (a) Tenn. R. Civ. P. 60.01, regarding clerical mistakes, shall apply to all courts of general sessions. The general sessions judge shall have the authority under the same circumstances and in the same manner as is provided in Tenn. R. Civ. P. 60.01 to correct such mistakes.
>
> (b) Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking de novo review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for de novo review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

Tenn. Code Ann. § 16-15-727 (2009).

What Burns sought was no mere correction of a clerical mistake, but rather the modification or setting aside of the judgment itself. That judgment was against State Farm Insurance, not SFFCC. It was not a simple matter of substituting the name of the defendant. SFFCC would have to be formally and properly brought into this lawsuit and given a chance to defend itself. SFFCC was never even served process. Why, and how, SFFCC appealed to the Circuit Court is a mystery. At oral arguments, counsel for SFFCC explained that it appealed out of "caution," but the effect has been only to prolong this lawsuit. For a non-party, SFFCC was highly active in this case.

Burns had ten days, rather than months, in which to set aside the judgment of the General Sessions Court. He took no action in the ten days following the original June 29, 2016 judgment; it was SFFCC that appealed. Moreover, after the Circuit Court dismissed SFFCC's appeal on January 5, 2017, Burns did not file his notice of appearance to make an oral motion to amend in the General Sessions Court until March 2017, and the General

---

for review by any party." Tenn. Code Ann. § 27-5-108(a)(2) (Supp. 2019).

Sessions Court did not grant the motion until early May 2017. This oral motion was untimely as it was made outside the ten days as allowed. By then, the General Sessions Court had lost jurisdiction to amend or set aside its final judgment. We, therefore, affirm the Circuit Court in its grant of summary judgment in favor of SFFCC.

### Conclusion

The judgment of the Circuit Court is affirmed, and this cause is remanded to the Circuit Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Brandon Burns, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE