The **STEVE FROST AGENCY,**
Plaintiff/Appellee,

v.

**K.C. SPURLOCK, Individually, and d/b/a Concert Marketing of America, Inc.,**
Defendants/Appellants.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 24, 1993.

Application for Permission to Appeal
Denied by Supreme Court
July 26, 1993.

Mark W. Henderson, John R. Bradley & Associates, Hendersonville, for defendants/appellants.

James Tyre Havron, Nashville, for plaintiff/appellee.

OPINION

TODD, Presiding Judge.

The defendant, K.C. Spurlock, has appealed from orders of the Circuit Court dismissing his appeal from a General Sessions Court judgment.

The brief of appellant states a single issue for review as follows:

I. Whether the Circuit Court erred in dismissing this General Sessions appeal without hearing any testimony in support of the alleged debt.

The record contains no transcript or statement of the evidence.

The record was filed with this Court on October 29, 1992.

On December 2, 1992, a stipulation was lodged with the Clerk of this Court stating:

The parties stipulate to the following matters for purposes of this appeal:

1. The Circuit Court for Sumner County, Tennessee took no testimony on May 18, 1992, prior to dismissing the Defendant's appeal from the General Sessions Court for Sumner County, Tennessee.

2. The General Sessions Court for Sumner County, Tennessee heard proof from Plaintiff on January 6, 1992, sufficient to support its verdict against the Defendant. The Defendant presented no proof in the General Sessions Court.

■ It is clear that this document is intended as a substitute for a transcript or statement of the evidence, which are required to be timely filed with the Trial Clerk and to be either actually or constructively approved by the Trial Judge. Moreover, supplements to the record ordinarily must be ordered by the Trial Judge and accepted upon motion to and order of this Court. *See* T.R.A.P. Rule 24. The stipulation bears none of these qualifications for consideration by this Court.

■ On February 17, 1993, after all briefs were filed, appellant moved this Court to supplement the record with a statement of the evidence which does not appear to have been timely filed with the Trial Clerk or approved by the Trial Judge. Moreover, the motion is opposed by the appellee. The motion is respectfully overruled.

The technical record, which is the only record before this Court in this appeal, discloses the following:

On September 4, 1991, plaintiff, The Steve Frost Agency, filed suit in General Sessions Court for:

Sworn account here to the Court shown in the amount of Two Thousand Thirty Four dollars ($2,034.00) for which the Plaintiff sues.

The sworn account is not included in this record.

On October 10, 1991, defendant filed a "Sworn Denial of Debt."

On January 6, 1992, the General Sessions Court rendered judgment for the plaintiff for $2,034.00.

On January 16, 1992, defendant filed a $250.00 bond for costs on appeal. The record contains no indication of any action of the General Sessions Court transferring the case to Circuit Court.

On June 3, 1992, the Circuit Court entered the following order:

This matter came to be heard on the 18th day of May, 1992, before the Honorable Thomas Goodall, Judge of the Circuit Court for Sumner County, Tennessee, upon oral motion to withdraw of Mark W. Henderson, counsel for Defendant, based upon his client's failure to pay for legal services. The Court finds said motion to be well taken, and upon subsequent motion of the Plaintiff, finds this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED, and DECREED that this appeal is dismissed, with costs taxed to Defendant, for which execution may issue.

On June 3, 1992, defendant filed the following motion for a new trial:

Comes the Defendant, K.C. Spurlock, and moves the Court for a new trial pursuant to T.R.C.P. 59.02. In support of this motion, Defendant would show to the Court that he believed the trial date was on Tuesday, when it was in fact on Monday, and would have appeared to defend, had he been aware of the correct date. Defendant would also note that the case was first continued by Plaintiff who denied having notice of the appeal despite the notice having been mailed by

the clerk. Equity therefore would be served by this Court allowing the Defendant to present his case on the merits.

No affidavit or other form of evidence is attached to said motion, which is unsworn.

On June 18, 1992, the Trial Court entered the following order:

This cause came on to be heard on the 12th day of June, 1992 before the Honorable Thomas Goodall, Judge of the Circuit Court for Sumner County, Tennessee, on Motion of the Defendant for a new trial, on the testimony of the Defendant heard in open court, statement of counsel for the Plaintiff, and consideration of the entire record in this cause. The Court is of the opinion that the Motion should be denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion for a New Trial be and hereby is dismissed, with costs to the Defendant.

The notice of appeal states that appellant appeals from "the final order entered in this cause on May 18, 1992." This is evidently intended to refer to the order entered on June 18, 1992, and quoted above.

■ Appellant relies upon T.C.A. § 19–1–118 as follows:

**Trial de novo on appeal—Decision on merits.**—No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper; and the trial shall be de novo.

However, other sections of the Code are also applicable.

T.C.A. § 27–5–105 requires the General Sessions Clerk to file papers in appealed cases with the Circuit Court Clerk.

T.C.A. § 27–5–106(a) provides:

**Judgment on default of appellant.—** (a) If the clerk fails to return the papers within the time prescribed, but returns them during the term to which the same are returnable, and the appellant fails to appear and prosecute his appeal, if he is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions, against the appellant for the debt and the appellant and his sureties for the cost.

T.C.A. § 27–5–107 provides:

**Affirmance.**—If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs.

It appears that, upon dismissal of the appeal for failure of appellant to appear and prosecute, it is the duty of the Circuit Court to render judgment for the amount of the General Sessions judgment. However, if the Circuit Court judgment is for dismissal and costs only, the General Sessions judgment is reinstated and may be enforced as if a *procedendo* had been awarded. *Anderson v. Moore,* 63 Tenn. (4 Baxter) 15 (1874).

■ If the suit is brought upon a sworn account and a sworn denial is filed, the burden is upon the plaintiff to support his suit with evidence at the trial. *Cumberland Grocery Co. v. York,* 9 Tenn.App. 316 (1929); *Brien v. Peterman,* 40 Tenn. (3 Head) 498 (1859); *Cave v. Baskett,* 22 Tenn. (3 Humph.) 340 (1842).

However, the rule just stated applies in Circuit Court on appeal where the appellant appears to prosecute his appeal. In the present case, there is no evidence of an appearance in Circuit Court by the appellant. The judgment reflects only that appellant's counsel moved for and was granted leave to withdraw. Thereafter, the plaintiff moved for dismissal of the appeal. Although no ground is stated in the judgment, it is obvious that the ground of the motion and of the dismissal of the appeal was the failure of the appellant to appear and prosecute his appeal.

Excellent forms for orders dismissing an appeal from General Sessions Court are

found in *Caruthers History of a Lawsuit,* Eighth Edition, § 519, pp. 589, *et seq.*

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the defendant. The cause is remanded to the Trial Court for collection of costs in that Court. A certified copy of the judgment of dismissal will have the force and effect of a *procedendo* to the General Sessions Court for the enforcement of its judgment.

Affirmed and Remanded.

CANTRELL and KOCH, JJ., concur.