IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS TO WESTERN SECTION MARCH 30, 2007

## WILLIAM HARRISON NIX, III v. RICHARD TERRY SUTTON

**Direct Appeal from the Circuit Court for Wilson County**
**No. 14086     John D. Wooten, Jr., Judge**

---

**No. M2006-00960-COA-R3-CV - Filed on May 25, 2007**

---

The appellant contends that the circuit court erred in dismissing his appeal from general sessions court when he failed to appear on the date of the hearing. He claimed that he had gone to the wrong courthouse on the hearing date. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

John M. Cannon, Goodlettsville, TN, for Appellant

William Harrison Nix, III, Mount Juliet, TN, *pro se*

### OPINION

#### I.   FACTS & PROCEDURAL HISTORY

This case originated in the general sessions court where William Harrison Nix, III, ("Plaintiff" or "Appellee") recovered a judgment against Richard Terry Sutton ("Defendant" or "Appellant"). The facts of the underlying case are unknown to this Court because there are only three documents included in the technical record before us, and no transcript or statement of the evidence was filed. Nonetheless, Defendant appealed to the circuit court, and the parties were notified of the date, time, and location where the matter was set to be heard. Defendant failed to appear in the circuit court on the day of the hearing, but Plaintiff was present. Therefore, the circuit court dismissed Defendant's appeal and remanded to the general sessions court for execution of the judgment.

Seventeen days later, Defendant and his friend appeared before the circuit court clerk with a written statement to the effect that they had gone to the wrong courthouse on the day of the hearing.

The clerk notarized the letter and set the matter for a hearing. The trial judge treated the letter as a "Motion to Reconsider," and after the hearing, denied Defendant's motion. Defendant timely filed his notice of appeal.

## II. ISSUES PRESENTED

Appellant presents the following issue, as we perceive it, for review:

Whether the trial court erred in dismissing this action for failure to prosecute and in denying Defendant's post-trial motion to set aside the dismissal.

For the following reasons, we affirm the decision of the circuit court.

## III. STANDARD OF REVIEW

On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2006); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

Although the record before us does not provide a clear picture of the nature of the underlying action that was appealed to the circuit court, it is not necessary for us to address the claim in analyzing the narrow issue presented for our review.

There are several statutes applicable to the issue before us. Tenn. Code Ann. § 27-5-105 (2000) requires the general sessions clerk to file papers in appealed cases with the circuit court clerk. Tenn. Code Ann. § 27-5-106 (2000) then provides:

> **§ 27-5-106. Default by appellant; judgment**
>
> (a) If the clerk fails to return the papers within the time prescribed, but returns them during the term to which the same are returnable, and *the appellant fails to appear and prosecute the appeal, if such appellant is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of*

*general sessions, against the appellant for the debt and the appellant and the appellant's sureties for the cost.*

*(b) If the plaintiff is the appellant, and fails to appear within the term, the plaintiff's suit shall be dismissed, and judgment given against the plaintiff and the plaintiff's sureties for costs.*

(emphasis added).  Tenn. Code Ann. § 27-5-107 (2000) similarly states that:

### § 27-5-107.  Affirmance

If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs.

In sum, these statutes provide that when a party appeals from general sessions court to circuit court, but fails to appear and prosecute his appeal in circuit court, dismissal of the appeal is warranted.  *See* 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice § 3:11, at 270 (2007).

These statutes were applied in ***Osborne v. Turner***, No. 296, 1991 WL 26720, at *1 (Tenn. Ct. App. W.S. Mar. 5, 1991), where a judgment had been entered in general sessions court against a defendant, and the defendant appealed to circuit court.  The defendant did not appear in court when the matter was set to be heard, so the circuit court dismissed the appeal and affirmed the general sessions judgment.  *Id.*  The defendant later appealed to the Eastern Section of this Court, claiming that although she was out of state on the original court date, she was "ready, willing, and able" to proceed when she got back, and she asked that a new court date be set.  *Id.*  After citing Tenn. Code Ann. § 27-5-106, the Court affirmed the circuit court's decision to dismiss the appeal, stating that "[s]ince the Defendant had appealed to the circuit court and failed to appear, the court had no choice but to dismiss the appeal and enter the judgment that was entered in the general sessions court."  *Id.* at *2.

Similarly, in ***Steve Frost Agency v. Spurlock***, 859 S.W.2d 337, 338 (Tenn. Ct. App. 1993), another defendant appealing from general sessions court to circuit court failed to appear on the date of trial, and the circuit court dismissed his appeal.  The defendant then filed a motion for a new trial, claiming that he had mistakenly believed the trial date was on a Tuesday, when in fact it was on Monday.  *Id.*  Nevertheless, the circuit court denied the motion for new trial.  *Id.*  On appeal, the Middle Section of this Court affirmed the circuit court's dismissal of the case based on the previously mentioned statutes.  *Id.* at 340.  Upon dismissal of the appeal for the appellant's failure to appear and prosecute, it was the duty of the circuit court to render judgment for the amount of the general sessions judgment, but if the circuit court judgment was for dismissal and costs only, then the general sessions judgment was reinstated and enforceable as if a *procedendo* had been awarded.  *Id.* at 339.  *See also* ***Cooke v. Neighborhood Grocery***, 122 S.W.2d 438, 440 (Tenn. 1938) (defendant appealing to circuit court had a duty to appear and prosecute her appeal, and when she failed to appear, her opponent had a right to have the judgment affirmed).

We find that the case before us is also controlled by the aforementioned statutes. Because the appellant failed to appear and prosecute his appeal, and the appellant was the original defendant, the plaintiff was entitled to have judgment final, by default, for the amount of the judgment of the court of general sessions. Tenn. Code Ann. §§ 27-5-106–107 (2000). Because the circuit court's judgment was for dismissal and costs of the appeal only, the general sessions judgment was reinstated and enforceable. *See Steve Frost Agency*, 859 S.W.2d at 339. The trial court properly remanded the case for execution of the judgment.

## V.   CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are taxed to Appellant, Richard Terry Sutton, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE