IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 5, 2019 Session

## KEN SMITH AUTO PARTS v. MICHAEL F. THOMAS

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Hamilton County**
**No. 17C720  Ward Jeffrey Hollingsworth, Judge**

———————————————————

**No. E2018-00928-SC-R11-CV**

———————————————————


We granted permission to appeal in order to clarify the procedure circuit courts must follow when an original defendant in general sessions court appeals an adverse general sessions judgment to circuit court but then fails to appear for the de novo circuit court trial to prosecute his appeal.  In this case, when the defendant/appellant failed to appear in circuit court to prosecute his appeal, the circuit court dismissed the appeal and remanded the case to the general sessions court for execution of the general sessions judgment.  We hold this was error.  Under Tennessee Code Annotated sections 27-5-106 and -107, the circuit court should have instead entered its own default judgment against the defendant/appellant in the amount of the general sessions judgment, subject to execution in the circuit court, and assessed costs against the defendant/appellant and his sureties.  We also hold that, after the circuit court dismissed the appeal and remanded to general sessions court, the circuit court had subject matter jurisdiction under Rules 59 and 60 of the Tennessee Rules of Civil Procedure to grant the defendant/appellant's timely motion to set aside its prior order.   The decision to grant or deny the defendant/appellant's post-judgment motion was within the circuit court's discretion.  Accordingly, we affirm the decision of the Court of Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals
Affirmed**

HOLLY KIRBY, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., CORNELIA A. CLARK, SHARON G. LEE, AND ROGER A. PAGE, JJ., joined.

Gary E. Lester and Justin H. Layne, Chattanooga, Tennessee, for Plaintiff/Appellant Ken Smith Auto Parts.

Raymond E. Lacy and Michael R. Franz, Knoxville, Tennessee, for Defendant/Appellee Michael F. Thomas.

## OPINION
### FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, Michael F. Thomas, as president/owner of CCW Systems, Inc. ("CCW"), completed and signed an open account application for Plaintiff/Appellant Ken Smith Auto Parts ("Ken Smith").  Ken Smith then began to sell auto parts and related items to CCW.[1]  Later, the CCW account became delinquent, and eventually CCW was administratively dissolved.

In December 2015, Ken Smith filed a civil warrant against Mr. Thomas and CCW in the General Sessions Court for Hamilton County, seeking a judgment in the amount of $14,693.99, including court costs. The warrant was returned unserved.

In February 2016, Ken Smith filed a second civil warrant against Mr. Thomas and CCW, seeking a judgment in the amount of $15,121.07, including court costs. This second warrant was returned unserved as well.

Almost a year later, in February 2017, Ken Smith filed a third civil warrant against Mr. Thomas and CCW. This one sought a judgment in the amount of $17,148.84, including court costs.  The third warrant was returned served, with an initial setting in April 2017.   The initial setting was later reset for June 9, 2017.

On June 8, 2017, the day before the scheduled trial, Mr. Thomas called the Hamilton County General Sessions Court Clerk to inform them that he was in Florida, and there was not enough time for him to make it to Tennessee for the June 9 trial date.  Mr. Thomas said he was in the process of retaining an attorney and requested a continuance of the June 9 trial date.  The record does not indicate whether this information or Mr. Thomas's request for a continuance was communicated to anyone outside the clerk's office.

---

[1] The underlying facts were taken from the technical record.  Any disputed facts will be noted.

Regardless, the matter went forward as scheduled on June 9, 2017. Mr. Thomas failed to appear. The Hamilton County General Sessions Court entered a default judgment against him in the amount of $16,943.59, plus court costs, and interest at the rate of twenty-four percent. Mr. Thomas filed a timely notice of appeal from the General Sessions Court to the Hamilton County Circuit Court.

The Circuit Court trial was set in Chattanooga for October 17, 2017, at 9:00 a.m. During that time, Mr. Thomas lived in Knoxville. He left Knoxville around 6:00 a.m. the morning of the trial. Along the way, Mr. Thomas encountered a wreck on the interstate highway that forced him to sit in traffic for two hours. Consequently, he did not appear at the Circuit Court trial.

In Mr. Thomas's absence, the Circuit Court dismissed his appeal with prejudice and remanded the matter back to the General Sessions Court for execution of the General Sessions judgment:

> This case came up on the Defendant's appeal of a Sessions Court judgment against him. The Plaintiff, Ken Smith Auto Parts and its attorney appeared. The Defendant was not present.
>
> Therefore, it is Ordered that the Defendant's appeal is **Dismissed** with prejudice. This case is remanded to the Sessions Court for execution of its judgment.

On November 15, 2017, after obtaining counsel, Mr. Thomas filed a motion to amend or set aside the Circuit Court's October 17, 2017 order of dismissal, pursuant to Rules 60.02 and 59.04 of the Tennessee Rules of Civil Procedure. In support of the motion, Mr. Thomas submitted his own affidavit. It stated:

> 3. I am a resident of Knox County, Tennessee. On October 17, 2017, at around 6:00 a.m., I started to travel from Knoxville to Chattanooga to attend this Court's 9:00 a.m. hearing on my appeal. As I was traveling down Interstate 75, in between Lenoir City and Sweetwater, a vehicle collision involving an overturned tractor-trailer caused traffic to stop. I had no ability whatsoever to proceed along an alternative route.

- 3 -

4.	As a result of the collision, I was unable to proceed for approximately two hours, making it impossible for me to attend this Court's hearing in Chattanooga.

5.	When I was able to do so that day, I called to notify the Court about what had happened.  Court personnel advised me to file a motion asking that the Court set aside the Order.

6.	I have now retained counsel in this matter to assist me with preparing my defense.

7.	I believe, to the best of my knowledge, that I have a meritorious defense in this civil action – specifically, the debt at issue was incurred by a corporation in which I was involved several years ago.  I do not believe that the Plaintiff has any basis to assert that I am personally liable for this obligation of the corporation.

Under Rule 60.02, Mr. Thomas argued that these circumstances constituted excusable neglect sufficient for the Circuit Court to set aside the order of dismissal.

The Circuit Court agreed. It entered an order to set aside, providing that "the Order previously entered on October 17, 2017, in this cause dismissing the Defendant's appeal from general sessions court is hereby set aside and vacated in its entirety.  This matter shall be re-set for trial on a date agreeable to the parties and the Court."

The parties filed cross-motions for summary judgment.  Among other things, Ken Smith argued that the Circuit Court no longer had subject matter jurisdiction over the case. It contended that, once the Circuit Court remanded the case to the General Sessions Court, it lost jurisdiction, so the Circuit Court was without jurisdiction to set aside its earlier order dismissing Mr. Thomas's appeal.

The Circuit Court agreed with Ken Smith's argument. Based on lack of subject matter jurisdiction, the Circuit Court dismissed all motions filed in the cause and vacated the order granting Mr. Thomas's motion to set aside:

Under the reasoning of *Cantrell vs T[o]lley*, the Plaintiff's argument prevails.  In *Cantrell*, Judge Stafford discusses the different procedures that can be followed when a defendant who has appealed a Sessions Court

- 4 -

judgment does not appear at the trial in Circuit Court. If the [ ] Circuit Court affirms the judgment, it can be executed by the Circuit Court. However, when, as in this case, the Circuit Court dismisses the appeal and remands it to the Sessions Court, jurisdiction reverts back to the Sessions Court for execution of its judgment. If this Court lacked jurisdiction, the order setting aside the October 17, 2017 order is null. It has no effect.

In *Born Again Church vs Myler Church Bldg*, 266 S.W.[3d] 421 ([Tenn.] App. 2007), the Court faced a somewhat similar situation. A judgment by the trial court did not reach one of the attorneys promptly thought (*sic*) the mail. When the lawyer discovered it, he filed a notice of appeal and a Rule 60 motion with the trial court asking that the time to appeal be extended. The Court of Appeals found that the lawyer was in a "Catch-22" situation. The trial court could have, under some circumstances, extended the time to file a notice of appeal. However, because the lawyer filed a notice of appeal also, the trial court did not have jurisdiction to hear the Rule 60 motion. Jurisdiction was in the Court of Appeals. The notice of appeal was one day late. The appeal was dismissed. It also noted that appellate courts are not allowed to act without jurisdiction. The appellate courts often find that an order being appealed is not a final judgment and, therefore, the appellate court lacks jurisdiction to hear the case.

When this Court entered the order of December 7, 2017, jurisdiction over the case had reverted to the Sessions Court. This Court was powerless to act[,] and the order of December 7, 2017 is null.

Mr. Thomas filed a timely notice to appeal.

On appeal to the Court of Appeals, Mr. Thomas raised one issue, "whether the Circuit Court erred in ruling that it lost jurisdiction over this case when it dismissed Defendant's appeal from the General Sessions Court." *Ken Smith Auto Parts v. Thomas*, No. E2018-00928-COA-R3-CV, 2019 WL 192442, at *2 (Tenn. Ct. App. Jan. 15, 2019), *perm. app. granted* (Tenn. May 17, 2019). On cross-appeal, Ken Smith also raised a single issue, "whether the Circuit Court, even if it retained jurisdiction, had no choice but to deny Defendant's Motion to Set Aside, Alter or Amend Order and erred in granting it." *Id*.

Addressing the Circuit Court's jurisdiction to hear the post-trial motions, the Court of Appeals noted that the Tennessee Rules of Civil Procedure generally apply in circuit court proceedings and found no exception in the present matter. *Id*. at *4. The October 17, 2017 order dismissing Mr. Thomas's appeal was subject to post-trial motions, and Mr. Thomas timely filed his post-trial motion under Rule 59.04. For that reason, the Court of Appeals held the Circuit Court retained jurisdiction to rule on Mr. Thomas's motion. *Id*.

The Court of Appeals held that Tennessee Code Annotated sections 27-5-106 and -107, which pertain to the course of action when an appellant fails to prosecute his appeal from general sessions court to circuit court, did not remove the Circuit Court's discretion to grant or deny Mr. Thomas's post-trial motion. *Id*. at *6-7. Accordingly, the intermediate appellate court ruled in favor of Mr. Thomas; it reinstated and affirmed the Circuit Court's December 7, 2017 order setting aside its prior judgment and remanding the cause to the General Sessions Court. *Id*. at *7.

This Court then granted Ken Smith's application for permission to appeal. We directed the parties to brief the following issues:

1. Whether the circuit court may dismiss an appeal from the general sessions court on the basis of an appealing defendant's failure to appear or to prosecute the appeal in accordance with Tennessee Code Annotated sections 27-5-106(a) and 27-5-107; or, alternatively, whether the circuit court must grant the plaintiff a default judgment in the amount of the general sessions court's judgment or affirm that judgment, effectively entering that judgment as the circuit court's own.

2. Whether after dismissing an appeal from the general sessions court and remanding to that court on the basis of the appealing defendant's failure to appear or to prosecute the appeal, the circuit court retains jurisdiction to consider the appealing defendant's motion to set aside or to alter or amend the judgment of dismissal and remand.

3. Whether after dismissing an appeal from the general sessions court and remanding to that court on the basis of the appealing defendant's failure to appear or to prosecute the appeal, the circuit court has the discretion under Tennessee Code Annotated sections 27-5-106(a) and 27-5-

- 6 -

107 to grant the appealing defendant's motion to set aside or to alter or amend the judgment of dismissal and remand.

We address these issues below.

## ANALYSIS

On appeal, Ken Smith argues Tennessee Code Annotated sections 27-5-106(a) and -107 required the Circuit Court below to affirm the judgment of the General Sessions Court by either expressly affirming the General Sessions judgment or by dismissing Mr. Thomas's appeal and remanding the case to the General Sessions Court for enforcement of its judgment. When the Circuit Court dismissed Mr. Thomas's appeal and remanded the case to the General Sessions Court, Ken Smith contends the Circuit Court lost jurisdiction to consider Mr. Thomas's motion to set aside its earlier order. In the alternative, even if the Circuit Court retained jurisdiction to consider post-judgment motions, Ken Smith argues that the mandatory nature of sections 27-5-106(a) and -107 precluded the Circuit Court from granting Mr. Thomas's motion to set aside.

In response, Mr. Thomas contends that Tennessee law required the Circuit Court to enter its own judgment against him rather than dismissing his appeal. However, when the Circuit Court instead dismissed his appeal and remanded the case to the General Sessions Court, the Circuit Court did not divest itself of jurisdiction. Mr. Thomas argues that the Rules of Civil Procedure apply to appeals from general sessions court to circuit court, so all rights and remedies provided in the Rules remained available to him. Consequently, he maintains, he was entitled to seek relief from a final judgment under Rules 59 and 60. Finally, because the Rules of Civil Procedure applied in the Circuit Court, it had discretion to consider Mr. Thomas's motion for post-judgment relief because, to the extent there are any conflicts between Tennessee Code Annotated sections 27-5-106(a) and -107 on one hand and Rules 59 and 60 on the other hand, the Rules of Civil Procedure prevail.

This appeal requires us to consider subject matter jurisdiction and to interpret Tennessee Code Annotated sections 27-5-106(a) and -107. Issues involving subject matter jurisdiction and statutory interpretation both present questions of law that are subject to de novo review without a presumption of correctness in the decision of the courts below. *Coffee Cnty. Bd. of Educ. v. City of Tullahoma*, 574 S.W.3d 832, 838 (Tenn. 2019); *see also Cox v. Lucas*, 576 S.W.3d 356, 359 (Tenn. 2019) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

Under our statutes, any party may file an appeal to circuit court within ten days from the entry of a judgment in general sessions court. Tenn. Code Ann. § 27-5-108(a)(1) (Supp. 2018).[2] During that time period, the appealing party must either file an appeal bond or execute a pauper's oath. Tenn. Code Ann. § 27-5-103(a) (2017). If an appeal from general sessions is perfected, the clerk of the general sessions court must file the papers in the case with the clerk of the circuit court. Tenn. Code Ann. § 27-5-105(a) (2017).

The appeal is "heard de novo in the circuit court." Tenn. Code Ann. § 27-5-108 (c); *see also* Tenn. Code Ann. § 16-15-729 (2009) ("The trial shall be de novo, including damages."). As this Court has explained:

> De novo appeals from the general sessions courts differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court.

*Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 184 (Tenn. 1995) (citations omitted).

Sections 27-5-106 and -107 outline the actions to be taken by the circuit court if an appellant from general sessions court fails to appear in the circuit court for trial. We consider both statutes.

Section 27-5-106 provides:

> (a) If . . . the appellant fails to appear and prosecute the appeal, if such appellant is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions, against the appellant for the debt and the appellant and the appellant's sureties for the cost.

> (b) If the plaintiff is the appellant, and fails to appear within the term, the plaintiff's suit shall be dismissed, and judgment given against the plaintiff and the plaintiff's sureties for costs.

---

[2] Unless otherwise indicated, we cite to the current version of the pertinent statutes.

Tenn. Code Ann. § 27-5-106 (2017).

On the other hand, section 27-5-107 provides: "If . . . the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs." Tenn. Code Ann. § 27-5-107 (2017). Thus, while section 27-5-106 differentiates between appellants who are the original plaintiff or the original defendant, section 27-5-107 does not.

Sections 27-5-106 and -107 both date back to Tennessee's first official code, the Code of 1858. The provisions in the original code remain largely unchanged today.[3]

This Court interpreted section 3145 of the 1858 Code, now Tennessee Code Annotated section 27-5-107, in *Anderson v. Moore*, 63 Tenn. (4 Baxt.) 15 (1874). *Anderson* arose as a result of a judgment entered by a justice of the peace[4] against the defendant and later revived by another justice of the peace five years later. *Id*. at 16. The defendant appealed the revived judgment to circuit court, and the circuit court dismissed the appeal in favor of the plaintiff and assessed costs to the defendant without affirming the underlying judgment. *Id*. The debt was later the subject of a new suit before a justice of the peace, and following a complex series of transfers and appeals, ultimately came before this Court. *Id*. at 16-17.

The *Anderson* Court considered, in part, whether the circuit court's dismissal of the defendant's appeal of the revived judgment was final and precluded the plaintiff from recovering more than the amount originally adjudged by the justice of the peace or from executing on the judgment before the magistrate in the subsequent lawsuit. *Id*. at 18. Interpreting Section 3145, now Tennessee Code Annotated section 27-5-107, the Court stated: "By sec. 3145 of the Code, where the papers are properly returned into Court, and the appeal is, for any cause, dismissed, the appellee is entitled to an affirmance of the

---

[3] Article V, section 3144, of the Code of 1858 is now Tennessee Code Annotated section 27-5-106. Article V, section 3145, of the Code of 1858 is now Tennessee Code Annotated section 27-5-107. References to the justice of the peace have been replaced with references to the clerk of the general sessions court, but otherwise the provisions are substantively the same.

[4] Justice of the peace courts were the forerunner to the current general sessions court. *See Ware*, 898 S.W.2d at 183 ("Today's general sessions courts trace their lineage back to the justice of the peace courts.").

judgment below." *Id*. In other words, when the defendant's appeal was dismissed, the statute required the circuit court to affirm the judgment of the justice of the peace (now general sessions). *Anderson* went on to say:

> But as an appeal vacates the judgment appealed from, so the simple dismissal of the appeal reinstates it, and if the Circuit Court fails to render the proper judgment on dismissing the appeal from a Justice, but simply adjudges costs against appellant upon the dismissal of the appeal, and we can see from the record that the judgment before the Justice was not in fact, or intended to be affected. We are of [the] opinion that the plaintiffs may proceed upon such judgment as if a *procedendo*[5] had been awarded. The error is to the prejudice of appellee only, of which appellant can[]not complain.

*Id*. Thus, although the circuit court failed to affirm the justice-of-the-peace judgment when it dismissed the appeal, the Court said the defendant/appellant could not be heard to complain because the circuit court's incorrect action did not prejudice him. The *Anderson* Court then held that "the record discloses a state of facts entitling the plaintiff to a judgment against the defendant" and directed the lower court to enter a judgment for the plaintiff in the amount of the judgment of the justice of the peace, i.e., general sessions court. *Id*.

A subsequent Tennessee Supreme Court case, less procedurally convoluted, also interpreted the predecessor to section 27-5-107. *See C.B. Donaghy & Co. v. McCorkle*, 98 S.W. 1050 (Tenn. 1907). In *C.B. Donaghy*, plaintiff McCorkle obtained a judgment against defendants C.B. Donaghy & Co. and W. J. Oliver & Co. before a justice of the peace. *Id*. at 1050. Both defendants appealed to the circuit court. *Id*.

During the circuit court trial, defendant W. J. Oliver & Co. moved to dismiss its appeal; this motion was denied. *Id*. The circuit court trial resulted in a judgment against both defendants. *Id*.

---

[5] Black's Law Dictionary defines *procedendo* as "[a] higher court's order directing a lower court to determine and enter a judgment in a previously removed case." *Procedendo*, Black's Law Dictionary (11th ed. 2019).

On appeal to the Tennessee Supreme Court, defendant W. J. Oliver & Co. argued that the circuit court judge erred in denying its motion to dismiss the appeal. *Id*. This Court agreed. *Id*. Interpreting the predecessor to section 27-5-107 and citing *Anderson*, the *C.B. Donaghy* Court explained what should have occurred after dismissal of the defendant's appeal:

> Upon dismissal of an appeal from the judgment of the justice of the peace, it is the duty of the circuit court to affirm the judgment of the justice. Shannon's Code, § 4876 [now section 27-5-107]. Of course, this rule does not apply where the court has no jurisdiction. See note to that section, and also *Anderson v. Moore*, 4 Baxt. 16.

> The circuit judge should therefore have granted the appellant's motion to dismiss the appeal, and should have rendered a judgment, affirming the judgment of the justice of the peace. For his failure to do this, we must reverse the judgment of the circuit court. Upon such reversal, it is the duty of this court to render such judgment as the circuit court should have rendered.

*Id*. at 1051. Therefore, in line with *Anderson*, *C.B. Donaghy* indicated that, upon the dismissal of a defendant/appellant's appeal from general sessions, the circuit court is to enter a judgment in the amount of the general sessions judgment.

*Anderson* was interpreted by our Court of Appeals in *Steve Frost Agency v. Spurlock*, 859 S.W.2d 337 (Tenn. Ct. App. 1993). In *Steve Frost*, the circuit court had dismissed a defendant/appellant's appeal from general sessions court for failure to appear in circuit court to prosecute the appeal. *Id*. at 339. In dismissing the defendant's appeal, the circuit court merely stated, "[T]his appeal is dismissed, with costs taxed to Defendant, for which execution may issue," and did not expressly affirm the general sessions judgment. *Id*. at 338. The defendant later filed a motion for a new trial, claiming that he failed to appear in the circuit court because he was mistaken about the trial date. *Id*. at 338-39. The circuit court denied the defendant's post-judgment motion. *Id*. at 339. The defendant appealed.

In its analysis, the Court of Appeals in *Steve Frost* looked to *Anderson* to determine what a circuit court should do when a defendant/appellant fails to appear in circuit court to prosecute the appeal of an adverse general sessions judgment:

- 11 -

It appears that, upon dismissal of the appeal for failure of appellant to appear and prosecute, it is the duty of the Circuit Court to render judgment for the amount of the General Sessions judgment. However, if the Circuit Court judgment is for dismissal and costs only, the General Sessions judgment is reinstated and may be enforced as if a *procedendo* had been awarded. *Anderson v. Moore*, 63 Tenn. (4 Baxter) 15 (1974).

*Id*. at 339. Thus, *Steve Frost* appeared to interpret *Anderson* as affirmatively giving the circuit court a second option; in lieu of rendering judgment in the amount of the general sessions judgment, the circuit court could simply dismiss the appeal and award costs. In that circumstance, *Steve Frost* said, the general sessions judgment is effectively reinstated and may be enforced by the general sessions court. The Court of Appeals affirmed the circuit court judgment, remanded the case to the circuit court for collection of costs, and added: "A certified copy of the judgment of dismissal will have the force and effect of a *procedendo* to the General Sessions Court for the enforcement of its judgment." *Id*. at 340.

In two later cases where the defendant appealed a general sessions judgment and then failed to prosecute the appeal, the Court of Appeals relied on the reasoning in *Steve Frost* without discussing *Anderson*. *See Nix v. Sutton*, No. M2006-00960-COA-R3-CV, 2007 WL 1541331, at *3 (Tenn. Ct. App. May 25, 2007) (citing Tenn. Code Ann. §§ 27-5-106, -107 (2007); *Steve Frost Agency*, 859 S.W.2d at 339) ("Because the appellant failed to appear and prosecute his appeal, and the appellant was the original defendant, the plaintiff was entitled to have judgment final, by default, for the amount of the judgment of the court of general sessions. Because the circuit court's judgment was for dismissal and costs of the appeal only, the general sessions judgment was reinstated and enforceable."); *Memphis Area Teachers Credit Union v. Jones*, No. W2009-01419-COA-R3-CV, 2010 WL 2349202, at *3 (Tenn. Ct. App. June 14, 2010) (relying on *Nix* when affirming the circuit court's dismissal of an appeal from general sessions with costs and subsequent remand to general sessions court for execution of the judgment when defendant/appellant failed to appear and prosecute the appeal). Both appeared to approve the circuit court's dismissal of the general sessions appeal and conclude this had the effect of reinstating the original general sessions judgment, enforceable in general sessions.

The Court of Appeals again cited *Steve Frost* in *Cantrell v. Tolley*, No. W2010-02019-COA-R3-CV, 2011 WL 3556988 (Tenn. Ct. App. Aug. 11, 2011),[6] a case relied upon by the Circuit Court below but distinguished by the Court of Appeals in its analysis. In *Cantrell*, Ms. Tolley obtained a judgment against Ms. Cantrell in general sessions court. *Id.* at *1. Ms. Cantrell appealed to circuit court, but failed to appear. *Id.* at *1, 3. The circuit court entered an order dismissing Ms. Cantrell's appeal and affirming the general sessions judgment. *Id.* at *1. The circuit court did not remand the case to general sessions for execution of the judgment. *Id.* No further action was taken until the circuit court clerk issued a writ of execution and the sheriff took possession of Ms. Cantrell's truck to satisfy the judgment. *Id.*

Ms. Cantrell responded by filing a motion to quash in the circuit court. *Id.* The motion argued in part that the circuit court order was not a judgment upon which execution could be had, but was instead "an order of dismissal of an appeal, affirmance of the lower court, and remand of the case to the general sessions court for enforcement." *Id.* The circuit court in *Cantrell* disagreed, holding that its prior order had the effect of entering a circuit court judgment in the amount of the general sessions judgment, enforceable in the circuit court. *Id.* at *2.

Ms. Cantrell appealed. On appeal, the Court of Appeals in *Cantrell* considered whether the circuit court retained jurisdiction to execute on the judgment after it dismissed Ms. Cantrell's appeal and affirmed the general sessions judgment against her. *Id.* at *1-2.

In its analysis, the Court of Appeals in *Cantrell* sought to synthesize the statutes, various cases from the intermediate appellate court, and treatises on appeals from general sessions court to circuit court. It summarized:

> [I]n Tennessee, a circuit court is not required to issue a written *procedendo* in order to reinstate the order of the general sessions court. Rather, upon dismissal of the action, the general sessions judgment is revived as if the circuit court had, in fact, issued a mandate to the lower court. Consequently, the fact that the circuit court in the instant case did not expressly remand the case to the general sessions court for execution of the judgment does not, *ipso facto*, mean that the general sessions court lacked

---

[6] The undersigned concurred in *Cantrell* while serving on the Court of Appeals.

the authority to enforce its judgment, nor does it automatically mean that the circuit court lacked jurisdiction to issue the writ of execution. . . .  [A]n appellee may have his or her judgment in the circuit court. In that case, the circuit court's order should not only dismiss the appeal, but it should also affirm the judgment of the general sessions court.  This distinction is subtle—if the circuit court's order merely dismisses the appeal and assesses costs, then the order constitutes an affirmance of the general sessions court's order in the sense that the order of dismissal functions as either a reviver of the general sessions order . . . or as an automatic *procedendo* for execution in the general sessions court . . . . The result is the same—the general sessions judgment is affirmed (thus satisfying the mandates of Tennessee Code Annotated Section 27–5–107, *supra*), but jurisdiction would return to the general sessions court upon dismissal of the appeal. However, if the circuit court specifically affirms the judgment of the general sessions court, as in the present case, then the judgment of the general sessions court becomes the judgment of the circuit court.  In such a case, jurisdiction remains with the circuit court to execute its judgment.

*Id*. at *6 (citations omitted). As can be seen, in reconciling the different authorities, *Cantrell* concluded that the circuit court may simply dismiss the appeal and assess costs, in which case the effect is to reinstate the general sessions judgment against the defendant/appellant. This, *Cantrell* said, re-vests jurisdiction in the general sessions court and leaves the judgment subject to execution in general sessions.  *Id*.  The circuit court may instead choose to dismiss the appeal *and* affirm the judgment of the general sessions court, in which case the plaintiff/appellee ends up with a circuit court judgment in the amount of the prior general sessions judgment, subject to execution in the circuit court, and the circuit court retains jurisdiction.  *Id*.  *Cantrell* held that the mandates of Tennessee Code Annotated section 27-5-107 are satisfied regardless of which path the circuit court chooses.  *Id*.

Based on this reasoning, *Cantrell* determined that the circuit court retained jurisdiction to execute Ms. Tolley's judgment against Ms. Cantrell because it specifically affirmed the general sessions judgment when it dismissed Ms. Cantrell's appeal.  *Id*. at * 7.  Had the circuit court not affirmed the general sessions judgment, *Cantrell* opined, the effect would have been to return jurisdiction to general sessions.  *Id*. at *6.

Against the backdrop of this caselaw, we interpret Tennessee Code Annotated sections 27-5-106 and -107.  As noted above, under section 27-5-106(a), when a

- 14 -

defendant appeals from a general sessions court judgment and then fails to prosecute the appeal, the circuit court is directed to enter a judgment in favor of the plaintiff/appellee, "by default, for the amount of the judgment of the court of general sessions," plus costs. Tenn. Code Ann. § 27-5-106 (a). Similarly, under section 27-5-107, if the appellant fails to appear, "the appellee is entitled to an affirmance of the judgment below, with costs." Tenn. Code Ann. § 27-5-107.

Reconciling these statutes, if the defendant/appellant fails to prosecute his or her appeal to circuit court, both direct the circuit court to enter a default judgment in the amount of the general sessions judgment, plus costs. As we have noted, in an appeal from general sessions court to circuit court, "[t]he circuit court does not review the general sessions court's decision. Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court." *Ware*, 898 S.W.2d at 184. Consequently, given the de novo nature of the appeal from general sessions court to circuit court, "affirmance" of the general sessions judgment does not result in issuance of a mandate to the general sessions court, as would affirmance of a circuit court judgment by the Court of Appeals. As referenced in section 27-5-107, "affirmance" necessarily means the entry of a circuit court judgment *in the amount* of the general sessions judgment. *See Nguyen v. Watson*, No. E2008-02690-COA-R3-CV, 2009 WL 1812428, at *3 (Tenn. Ct. App. June 25, 2009) (holding there was "no real difference" between a circuit court's affirmance of the general sessions judgment "and the legislature's directive [in section 27-5-106(a)] that 'the plaintiff shall have judgment final, by default.'"). The case is not remanded to the general sessions court; the judgment entered is the circuit court's own default judgment.

This interpretation harmonizes section 27-5-107 with the express language in section 27-5-106(a), is congruent with the de novo nature of the appeal from general sessions court to circuit court, and is consistent with this Court's prior interpretations. *See C.B. Donaghy & Co.*, 98 S.W. at 1051 ("Upon dismissal of an appeal from the judgment of the justice of the peace, it is the duty of the circuit court to affirm the judgment of the justice. Shannon's Code, § 4876 [predecessor to section 27-5-107]."); *Anderson*, 63 Tenn. at 18 ("By sec. 3145 of the Code [predecessor to section 27-5-107], where . . . the appeal is, for any cause, dismissed, the appellee is entitled to an affirmance of the judgment below.").

Neither section 27-5-106 nor section 27-5-107 includes dismissal of the appeal and remand to the general sessions court as an option in the event the defendant/appellant fails to appear and prosecute an appeal from the general sessions court. Neither includes

- 15 -

a mechanism by which the circuit court remands the matter back to general sessions court once the defendant/appellant perfects his or her appeal. We presume the legislature intentionally omitted such an option. *See In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015) (citation omitted) ("A statute should be read naturally and reasonably, with the presumption that the legislature says what it means and means what it says.").

Moreover, in *Anderson*, this Court did not condone the circuit court's simple dismissal of the appeal, either alone or with an express remand, as a proper alternative course of action for the circuit court. Rather, the *Anderson* Court simply let the circuit court's course of action stand, in the absence of prejudice to the defendant/appellant. *Anderson*, 63 Tenn. at 18.

Accordingly, we must overrule *Steve Frost* and its progeny, including *Cantrell*, to the extent that they interpret sections 27-5-106 and -107 as giving circuit courts a second option when a defendant/appellant from general sessions court fails to appear and prosecute his appeal, to dismiss the defendant's appeal and remand to general sessions court. Under sections 27-5-106 and -107, the proper action for the circuit court is to enter its own default judgment in favor of the plaintiff/appellee in the amount of the general sessions judgment, a circuit court judgment subject to execution in circuit court.

Consequently, in the instant case, the Circuit Court erred in dismissing Mr. Thomas's appeal and ordering the case remanded to the General Sessions Court. Instead, the Circuit Court should have entered its own default judgment against Mr. Thomas in the amount of the judgment of the General Sessions Court below, plus costs.[7]

However, because the Circuit Court erroneously dismissed Mr. Thomas's appeal and remanded the case to the General Sessions Court, Ken Smith contends that the Circuit Court lost jurisdiction to consider Mr. Thomas's motion to set aside its earlier order dismissing his appeal. We disagree. As our Court of Appeals stated in *Nguyen v. Watson*:

---

[7] The Court of Appeals did not address this issue. In a footnote, the Court of Appeals acknowledged the potential issue but stated, "We perceive an issue as to whether the Circuit Court should have entered a default judgment in favor of Plaintiff for Defendant's failure to appeal. . . . Given our resolution of this appeal, we need not resolve this latent issue." *Ken Smith Auto Parts*, 2019 WL 192442, at *6, n.1.

[W]e disagree with the plaintiff's assertion that the legislature, in enacting Tenn.[ ]Code Ann. § 27-5-106(a), intended to prevent the trial court from exercising set aside or vacation discretion during the 30-day period immediately following the entry of the court's judgment. Tenn. R. Civ. P. 59 clearly vests a trial court with this authority and there is no expressed or implied intention on the part of the legislature in Tenn.[ ]Code Ann. § 27-5-106(a) to carve out an exception to the trial court's Rule 59 discretion. Plaintiff's second issue is without merit.

2009 WL 1812428, at *3.[8]  We agree with the Court of Appeals below when it reasoned that the Circuit Court had jurisdiction to consider Mr. Thomas's Rule 59 motion to set aside because:

[T]he Tennessee Rules of Civil Procedure apply "after appeal or transfer of a general sessions civil lawsuit to circuit court . . . ." Tenn. R. Civ. P. 1(2). In addition, "[c]onflicts between provisions of the Tennessee Rules of Civil Procedure and Tennessee statutes which cannot be harmonized are resolved in favor of the Rules of Civil Procedure." *Pratcher v. Methodist Healthcare Hospitals*, 407 S.W.3d 727, 736 (Tenn. 2013) (citing Tenn. Code Ann. § 16-3-406).

*Ken Smith Auto Parts*, 2019 WL 192442, at *3.  To adopt the interpretation urged by Ken Smith would be to interpret the statutes as essentially leaving *no court* with jurisdiction to remedy an erroneous default judgment in an appeal from general sessions court.[9]  This we decline to do. *See Spires v. Simpson*, 539 S.W.3d 134, 145 (Tenn. 2017) (quoting

---

[8] In *Nguyen*, in contrast to the instant case, the circuit court did not simply dismiss the appeal and remand to the general sessions court. *Nguyen*, 2009 WL 1812428 at *1.

[9] In the posture as urged by Ken Smith, the instant that the Circuit Court dismissed Mr. Thomas's appeal and remanded the case to the General Sessions Court, the Circuit Court lost jurisdiction to set aside its own order. The General Sessions Court of course had no jurisdiction to set aside a judgment entered by the Circuit Court.  With the case ostensibly remanded to the General Sessions Court, the defendant would have virtually no way to appeal the judgment—now purportedly a final judgment in General Sessions—to the Court of Appeals. As noted by the Court of Appeals below, such an interpretation would be untenable. *See Ken Smith Auto Parts*, 2019 WL 192442, at *6 & n.2 (finding unpersuasive Ken Smith's argument that a defendant such as Mr. Thomas could resort to filing a writ of certiorari).

*State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)) ("[W]e will not apply a particular interpretation to a statute if that interpretation would yield an absurd result."). Rules 59 and 60 of the Tennessee Rules of Civil Procedure are applicable to de novo appeals from general sessions court to circuit court under Rule 1(2) of the Tennessee Rules of Civil Procedure. As in any other circuit court case, Rules 59 and 60 reflect the circuit courts' jurisdiction to correct earlier orders, even after an erroneous remand to general sessions court, within the parameters set out in those rules.

Accordingly, the Circuit Court below had jurisdiction to set aside its October 17, 2017 order dismissing Mr. Thomas's appeal from the General Sessions Court, pursuant to Rule 59 of the Tennessee Rules of Civil Procedure. The decision to grant or deny Mr. Thomas's motion to set aside was within the Circuit Court's discretion. The Circuit Court erred in vacating its order granting Mr. Thomas's motion to set aside the October 17, 2017 order. The Court of Appeals correctly reversed the Circuit Court's order that it lacked subject matter jurisdiction and correctly reinstated and affirmed the Circuit Court's order granting Mr. Thomas's motion to set aside.

## CONCLUSION

In sum, we hold that the Circuit Court erred in dismissing Mr. Thomas's appeal and remanding the case to the General Sessions Court. Under Tennessee Code Annotated sections 27-5-106 and -107, the Circuit Court should have instead entered its own default judgment against Mr. Thomas in the amount of the General Sessions judgment, subject to execution in the Circuit Court. The Circuit Court had jurisdiction to set aside its October 17, 2017 order dismissing Mr. Thomas's appeal from the General Sessions Court, pursuant to Rule 59 of the Tennessee Rules of Civil Procedure; the decision to grant or deny the motion to set aside was within the Circuit Court's discretion. Consequently, the Circuit Court erred in vacating its order granting Mr. Thomas's motion to set aside. We affirm the judgment of the Court of Appeals, which reversed the Circuit Court's April 2018 order concluding that it lacked subject matter jurisdiction, and reinstated and affirmed the Circuit Court's December 7, 2017 order granting Mr. Thomas's motion to set aside the October 17, 2017 order dismissing his appeal. Costs on appeal are taxed to Plaintiff/Appellant Ken Smith Auto Parts, and its surety, for which execution may issue if necessary.

_____
HOLLY KIRBY, JUSTICE

- 19 -