IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2024

**IN RE ESTATE OF ELGA JEAN EPLEY**

**Appeal from the Chancery Court of Lewis County**
**No. 2022-PR-57      Michael E. Spitzer, Chancellor**

_____

**No. M2023-00998-COA-R3-CV**

_____

After four creditors filed separate claims against the estate of Elga Jean Epley ("the estate"), the estate timely filed sworn exceptions to each separate claim. The creditors are (1) JP Morgan Chase Bank, N.A., (2) Bank of America, N.A., (3) Phillips & Cohen Associates, Ltd on behalf of Citibank, and (4) Maury Regional Health System (collectively "the creditors"). Following a hearing on the claims and the exceptions thereto, during which no testimony was introduced and no representative appeared on behalf of any of the creditors, the trial court denied the exceptions to each of the claims. This appeal by the estate followed. None of the creditors have filed a brief. Thus, none of the creditors have presented arguments in opposition to the issues raised by the estate, as required by Tennessee Rule of Appellate Procedure 27(b) and Rule 6 of the Rules of the Court of Appeals of Tennessee. Having reviewed the record and considered the arguments presented by the estate, we reverse the judgment of the trial court for the reasons set forth below and remand with instructions to deny all of the claims asserted by the appellees and to enter judgment in favor of the estate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Thomas M. Hutto, Columbia, Tennessee, for the appellant, the Estate of Elga Jean Epley.

**OPINION**

Elga Jean Epley died on September 30, 2022. A petition to probate her estate was filed on October 31, 2022. An order to probate was entered November, 30, 2022. A notice to the estate's creditors was timely published on December 8, 2022, and December 15, 2022. On February 9, 2023, three verified claims were filed on behalf of Bank of America,

N.A. On February 28, 2023 a verified claim was filed by Phillips & Cohen, Ltd. on behalf of Citibank. On March 7, 2023 three verified claims were filed on behalf of JP Morgan Chase Bank. Each of the foregoing claims pertained to credit card charges. On March 9, 2023, a verified claim was filed on behalf of Maury Regional Health Systems, which pertained to charges for medical treatment.

The estate timely filed sworn exceptions to the creditor's claims. Each of the sworn exceptions/denials stated "The Co-Executrixes are without sufficient information with which to determine the validity of the extent of the claim and is without sufficient information to determine the amount or existence of any credits that should be applied to this claim," and "Claimant is called upon to appear in open court and provide sufficient evidence to prove the nature and extent of the claimed indebtedness owed by the deceased at the time of her death."

A hearing on the claims was set for May 1, 2023. Counsel for the estate appeared at the hearing; however, no representatives of any of the creditors appeared. After hearing arguments from the estate's counsel, but no evidence from any of the parties, the trial court denied all of the estate's exceptions to the creditor's claims. An order to this effect was entered on June 8, 2023.

The estate filed a timely notice of appeal and, thereafter, its appellant's brief. The issues presented by the estate were properly identified in the statement of the issues and supported by thoroughly discussed arguments with citations to relevant legal authority and evidence in the record as required by Tennessee Rule of Appellate Procedure 27(a) and Rule 6 of the Tennessee Court of Appeals Rules. To summarize the estate's contentions on appeal, the estate argues: (1) that the single credit card bill submitted by three of the creditors for each claim they asserted does not constitute an "itemized statement" as required by Tennessee Code Annotated § 30-2-307(B); (2) that the trial court erroneously shifted the burden of proof to the estate by ruling that the estate should have submitted discovery to claimants to ascertain the basis of their charges; (3) that the sworn exceptions disputing the validity of each claim required the claimants to appear at the hearing or to amend their claims to comply with Tennessee Code Annotated § 30-3-307; (4) that the action to collect a debt from the estate requires compliance with Tennessee Code Annotated § 62-20-101; and (5) that the Tennessee Rules of Evidence apply to claims filed against the estate.

None of the creditors/appellees have made an appearance in this court and, significantly, none of them have filed a brief in this court. Pursuant to an Administrative Order entered on January 26, 2024, this court ordered the appellees to either file a brief within ten days or show cause as to why this appeal should not be submitted to the court on the appellant's brief and the record alone. They did neither. Pursuant to an order entered on February 8, 2024, which was based on the fact that none of the appellees had filed a

brief, it was ordered that "this appeal shall be submitted to the Court for a decision on the record and the appellant's brief." The case was assigned to this panel on March 1, 2024.

"It is not the function of the appellate court to research and construct the parties' arguments." *Highlands Physicians, Inc. v. Wellmont Health Sys.*, 625 S.W.3d 262, 304 (Tenn. Ct. App. 2020) (quoting *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006)). Compliance with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee "is critical to ensuring that this court is properly apprised of what is at stake in a given appeal and why the raised issues are deserving of redress." *Boren v. Hill Boren PC*, No. W2021-00478-COA-R3-CV, 2023 WL 3375623, at *5 (Tenn. Ct. App. May 11, 2023).

> [Compliance with these rules] have the practical effect, by requiring proper citations to the record, of promoting judicial efficiency. As it is often stated, judges "are not like pigs, hunting for truffles." *Cartwright v. Jackson Cap. Partners, Ltd. P'ship*, 478 S.W.3d 596, 616 (Tenn. Ct. App. 2015) (quoting *Flowers v. Bd. of Pro. Resp.*, 314 S.W.3d 882, 899 n.35 (Tenn. 2010)).

*Id.*

Furthermore, a failure to comply with these rules can have significant consequences, as an issue may be deemed waived or conceded when the brief fails to include an argument. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *see also Bean*, 40 S.W.3d at 55. Specifically, we have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27 constitutes a waiver of the issue. *See Bean*, 40 S.W.3d at 55–56 (citing *State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997)); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *see also Donovan v. Hastings*, 652 S.W.3d 1, 9 (Tenn. 2022) (An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument that satisfies the requirements of Tennessee Rule of Appellate Procedure 27).

The foregoing notwithstanding, we do not grant default judgments in the court of appeals. Thus, we shall analyze the dispositive issues raised by the appellant, the estate, to determine whether there is error that requires reversal, modification or affirmance of the trial court's rulings that are at issue.

For its first issue, the estate contends that the single credit card bill submitted by each of the bank creditors does not constitute an "itemized statement" as required by Tennessee Code Annotated § 30-2-307(b). As the estate contends in its brief:

> Chase, BOA, and Citi had claims filed on their behalf that contain a single monthly credit card bill which show an existing balance and any credits or

debits that occurred during the monthly period. The Chase and BOA claims were supported by credit card bills for periods after the [death] of the decedent and a page entitled "Claim Detail" that only shows a total amount without any itemization of purchases. The Citi claim does provide a monthly credit card bill issued during the decedent's lifetime stating the existing balance but without any itemization of the same.

Tennessee Code Annotated § 30-2-307(b) states: "When any claim is evidenced . . . by open account, an itemized statement of the account shall be filed[.]" Tenn. Code Ann. § 30-2-307(b). Here, the estate's sworn exceptions dispute that a single monthly credit card bill is the equivalent to an "itemized statement of the account." We agree that a single monthly billing statement does not comply with Tennessee Code Annotated § 30-2-307(b). Moreover, the fact that the claims begin with a carry over balance from prior months for which an itemized statement is not provided fails to comply with the statute. For this reason, the judgments in favor of the three credit card claimants, Bank of America, N.A., Citibank, and JP Morgan Chase Bank, are reversed and this case is remanded with instructions for the court to enter judgment in favor of the estate regarding these three claims.

We now turn our attention to the claim filed by Maury Regional Health System. The estate responded to the hospital's claim in the same manner that it replied to all four claims, stating that "The Co-Executrixes are without sufficient information with which to determine the validity of the extent of the claim and is without sufficient information to determine the amount or existence of any credits that should be applied to this claim," and "Claimant is called upon to appear in open court and provide sufficient evidence to prove the nature and extent of the claimed indebtedness owed by the deceased at the time of her death." Thus, the estate properly submitted a sworn denial of the claim on a sworn account.

If a claim is brought upon a sworn account and a sworn denial is filed, the burden is upon the plaintiff to support its claim with evidence at the trial. *See Steve Frost Agency v. Spurlock*, 859 S.W.2d 337, 339 (Tenn. Ct. App. 1993) (citations omitted), *overruled on other grounds by Ken Smith Auto Parts v. Thomas*, 599 S.W.3d 555 (Tenn. 2020). Because the sworn exception met the requirements of the rule, the burden of proof remained with Maury Regional Health System to appear and provide itemized statements of the account. *See MBNA Am. v. Estate of Jones*, No. E2004-01614-COA-R3CV, 2005 WL 1618759, at *2 (Tenn. Ct. App. July 11, 2005). Here, the estate's sworn denial—its exception to the claim—was erroneously denied by the trial court. As a consequence, the trial court erroneously shifted the burden of proof onto the estate. For this reason, we reverse the judgment of the trial court and remand with instructions to enter judgment in favor of the estate.[1]

---

[1] Our resolution of the two issues discussed above renders the other issues moot; thus, they are not discussed.

For the foregoing reasons, we reverse the judgment of the trial court and remand for entry of judgment in favor of the estate. Costs on appeal are assessed against the appellees, jointly and severally.

_____
FRANK G. CLEMENT, JR., JUDGE